■ In the Matter of JOHN E. RANNACHER, Respondent, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Appellants. — Order and judgment (one paper) of the Supreme Court, New York County (Mercorella, J.), entered May 12, 1980, modifying the respondent's determination dismissing petitioner from the police force, to the extent of suspending him for a period of 30 days and placing him on disciplinary probation for a period of one year, reversed, on the law, the petition dismissed and the commissioner's determination reinstated, all without costs. On November 16, 1978, petitioner, a New York City police officer, was charged with abuse of sick leave on four occasions, discourtesy to a superior officer and failure to report to the police surgeon pursuant to a direction that he do so. At the hearing, the police surgeon was unable to recall whether petitioner had failed to report on the dates in question. Accordingly, that charge was withdrawn. Petitioner was found guilty of the other two charges and the commissioner directed that he be dismissed from the force. Petitioner's guilt is not contested before us. The sole issue here presented is whether the punishment imposed was so disproportionate to the offenses committed as to mandate modification (Matter of Santarella v New York City Dept. of Correction, 53 NY2d 948; Matter of Pell v Board of Educ., 34 NY2d 222). In fashioning the punishment to be imposed, the commissioner had the right to examine into petitioner's entire record. Petitioner had been a member of the police department for approximately 11½ years. Although charged with only four instances of abuse over a period of seven weeks, petitioner had been absent sick for a period of 355 days during his tenure on the force. Only 7 of those 355 days were attributable to line-of-duty injuries. Bearing in mind the unlimited sick leave policy of the department, with its potential for abuse, petitioner's absence because of sickness for a period in excess of 10% of his total work time, coupled with proven abuse of sick leave on four occasions over a period of seven weeks, we cannot say that the punishment imposed was such as to be shocking to the conscience. Concur — Birns, J. P., Sandler, Carro, Silverman and Bloom, JJ.