■ In the Matter of SEAN O'BRIEN, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Petition, pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Edward Lehner, J.), entered on or about May 12, 1989, seeking to annul a determination of respondent Police Commissioner of the City of New York, dated January 13, 1989, which imposed a penalty of 30 days' suspension plus 12 months' probationary status, is unanimously granted to the extent of annulling the finding of guilt as to the seventh charge and specification, and the determination otherwise confirmed, without costs.

We find there was substantial evidence to support the Commissioner's determination that petitioner used excessive force against one Robert Perry, without just cause, when he punched, choked and placed a gun to the head of Mr. Perry while trying to effect a stop and inquiry. Additionally, substantial evidence existed to show that petitioner failed to prepare a stop and frisk report subsequent to this search of Mr. Perry *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176).

The credited testimony of eyewitnesses James King, Verhonda Perry, and her husband, Mr. Perry, provided sufficient evidence to sustain respondents' determination of petitioner's guilt of the charges preferred against him. Notably, the Hearing Officer expressly rejected petitioner's testimony as "illogical and unworthy of belief". As the duty of weighing the evidence and choosing between conflicting evidence rests solely with the administrative agency *(see, Matter of Collins v Codd,* 38 NY2d 269, 270-271), we find no reason to disturb the Hearing Officer's substantive findings, which are rationally based on the record *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231).

However, as properly conceded by the Commissioner on appeal, evidence in the record is lacking to support the seventh charge and specification alleging that petitioner failed to radio a request for a patrol supervisor at the scene where a summons for disorderly conduct was issued to Mr. Perry. Accordingly, the Commissioner's determination is annulled and vacated to the extent of the finding of guilt as to the seventh charge.

Inasmuch as it appears that the seventh charge was relatively minor in contrast to the other multiple charges of which petitioner was found guilty, and that respondent would have imposed the same penalty, we do not remand for reconsideration of the penalty, which cannot be said to be so disproportionate to the remaining offenses as to shock one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d, supra, at 233). Concur—Ross, J. P., Milonas, Kassal, Wallach and Rubin, JJ.