■ In the Matter of JOHN CONTE, Petitioner, v RICHARD KOEHLER, as Correction Commissioner of the City of New York, et al., Respondents.—Determination of respondent Correction Commissioner, dated May 10, 1990, which, after a hearing, terminated petitioner from his position as Correction Officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Jacqueline W. Silbermann, J.], entered August 22, 1990), is dismissed, without costs.

There was substantial evidence to support the Commissioner's determination that petitioner was absent without leave for substantial periods of time on two separate occasions, failed to file two Departmental reports, and attempted to remain out sick without requesting permission or submitting a

detailed doctor's note required by Departmental directive. *(See, Matter of O'Brien v Ward,* 161 AD2d 496.) Moreover, we discern no basis to interfere with the Administrative Law Judge's (ALJ) conclusion that petitioner's testimony was inconsistent and improbable and, therefore, not credible. *(Matter of Cocozzo v Ward,* 162 AD2d 202.)

The penalty imposed was not unduly harsh. The ALJ properly considered the petitioner's current misconduct, in addition to his extensive history of leave and absence violations, in determining the appropriate penalty. *(Matter of Rannacher v McGuire,* 85 AD2d 521.) In view of the petitioner's persistent pattern of misconduct, it cannot be said that dismissal is so disproportionate to petitioner's offenses as to mandate modification.

The petitioner's remaining contentions on the appeal have been considered and found to be without merit. Concur—Sullivan, J. P., Milonas, Kupferman, Kassal and Smith, JJ.