In the Matter of JOHN DICKINSON, Petitioner, v NEW YORK STATE UNIFIED COURT SYSTEM, Respondent. [952 NYS2d 189]—

Substantial evidence supports respondent's determination (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]). Petitioner was charged with both misconduct and incompetency due to excessive absenteeism and lateness. Although petitioner correctly notes that misconduct "requir[es] a showing of willfulness or intentional conduct" (*Matter of Weatherlow v Board of Educ. of Jamestown City*

*School Dist.*, 236 AD2d 855, 856 [4th Dept 1997] [internal quotation marks omitted]), "a finding of incompetence . . . only requires evidence of some dereliction or neglect of duty" (*Matter of Phillips v Le Page*, 4 AD3d 704, 705 [3d Dept 2004] [internal quotation marks omitted]). Excessive absenteeism, even if nonwillful, constitutes incompetence (*see Cicero v Triborough Bridge & Tunnel Auth.*, 264 AD2d 334, 336 [1st Dept 1999]), and contrary to petitioner's contention, respondent was not required to warn him that his absences and tardiness could lead to dismissal (*see e.g. Smack v Pattison*, 80 AD2d 874, 874 [2d Dept 1981] [no indication that the respondent warned the petitioner before terminating him for being "repeatedly late or absent from work without appropriate excuse"]).

Respondent did not violate due process by relying on evidence of absences and tardiness outside the time period delineated in the specification of charges. Respondent relied on such evidence to determine the appropriate sanction, not to determine petitioner's guilt (*see Matter of Bigelow v Board of Trustees of Inc. Vil. of Gouverneur*, 63 NY2d 470, 474 [1984]). Nor did respondent violate due process by considering a time sheet that was not introduced at petitioner's hearing. Petitioner had "notice sufficient to afford him a reasonable opportunity to prepare and present a defense or explanation" for his post-hearing absences (*Matter of Kieffer v New York State Thruway Auth.*, 135 AD2d 1017, 1019 [3d Dept 1987]).

The penalty of termination does not shock our sense of fairness (*see Matter of Rannacher v McGuire*, 85 AD2d 521 [1st Dept 1981]; *Matter of De Stefano v Village of Port Chester*, 211 AD2d 716 [2d Dept 1995]). Being present at work is an essential job function (*see e.g. Corr v MTA Long Is. Bus*, 27 F Supp 2d 359, 366 [ED NY 1998], *affd* 199 F3d 1321 [2d Cir 1999]), and petitioner's "disability . . . may not be used to shield him from the adverse consequences of inadequate job performance" (27 F Supp 2d at 369). Concur—Andrias, J.P., Sweeny, Renwick and Román, JJ.