■ SHELLEY TODRIFF, Respondent, v HOLLIS SHAW, as Director of Wassaic, et al., Appellants. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination terminating petitioner's services as a mental hygiene therapy aide trainee, the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated February 2, 1982, which granted the application and directed that petitioner be reinstated with all back pay and benefits. Judgment affirmed, without costs or disbursements. Oral application by the petitioner to file a brief denied. The petitioner Shelley Todriff was hired as a mental hygiene therapy aide trainee at the Wassaic Developmental Center in Wassaic, New York, on November 16, 1978. On July 16, 1979, she resigned, but she was rehired for the same position on February 28, 1980. In connection with her rehiring the petitioner executed a memorandum of understanding dated February 27, 1980, which provided, *inter alia,* that the petitioner was required to be on probation for a full year (until March 3, 1981) before she could attain the status of a permanent employee. On February 20, 1981, pursuant to subdivision (f) of section 4.5 of the Department of Civil Service Rules and Regulations (4 NYCRR 4.5 [f]) petitioner's probationary period was extended a total of 32 days to March 31, 1981, representing the amount of time she was absent from work during the probationary period. On March 5, 1981 petitioner was called before a meeting of the Traineeship Council of the Wassaic Developmental Center because of her continued "abuse of time". As a result of that hearing, Thomas Zielinski, Director of Human Resources Management for Wassaic, and Chairman of the Traineeship Council, sent petitioner a letter dated March 11, 1981, which stated that her services would be terminated effective the close of business on March 20, 1981. Petitioner received the letter on March 16, 1981. The council's recommendation to terminate petitioner's services had been forwarded to Mr. Peter Lasher, Deputy Director of the facility, who approved and signed the same on March 17, 1981, a date subsequent to that of the letter terminating her employment. Petitioner commenced this proceeding on or about July 16, 1981 seeking, *inter alia,* reinstatement. Special Term granted the relief requested, and ordered petitioner reinstated to her former position with all back pay and benefits. The court premised its determination on the basis that appellant Hollis Shaw, as Director of Wassaic Developmental Center, was the official with the power to appoint and remove employees of Wassaic and that he did not personally make or approve the determination to terminate the petitioner. In reaching its conclusion, Special Term relied on *Matter of Simpson v Wolansky* (38 NY2d 391, 394), which case stands for the general proposition that only the officer or body having the power to remove an employee may make or approve the decision removing him and that the duty regarding such determinations is a nondelegable one. Thus, Special Term wrote: "The record before this Court clearly indicates that petitioner's employment was terminated by an individual who had no authority to either appoint and/or remove under the clear provisions of § 13.21 Mental Hygiene Law. Without a showing that the non-delegable duty of termination was exercised by the Director of Wassaic Developmental Center, this Court has no choice but to hold that the petition-

er's termination of employment was void as having not been rendered by the appointing authority." Subdivision (a) of section 13.21 of the Mental Hygiene Law, which applies to Wassaic, provides, in pertinent part, that "the director of a school shall have the power * * * to appoint and remove in accordance with law and applicable rules of the state civil service commission such officers and employees of the facility of which he is director as are necessary for its efficient administration". What is more, section 75 of the Civil Service Law and subdivision (i) of section 4.5 of the Civil Service Rules and Regulations make it clear that it is the appointing authority who at any time during the probationary term may remove a probationer. Although appellants seem to acknowledge that Director Shaw was the authority with the power to terminate an employee of Wassaic, on the present appeal they argue that he possessed the power to delegate that authority to Peter T. Lasher, the deputy director, and that he did so. First, we note that appellants did not make a delegation argument at Special Term. In their answer they asserted that "The termination of Ms. Todriff was approved by the facility Director as may be seen from Exhibit No. 4 annexed hereto. [Exhibit No. 4 is the written recommendation of the traineeship council that petitioner's employment be terminated which was approved by Mr. Lasher, the Deputy Director of Wassaic.] The title of the administrative functionary carrying out *the instructions of the Director* informing Petitioner of her termination is immaterial." (Emphasis supplied.) Thus, the argument made at Special Term was that the chairman of the traineeship council was merely carrying out the instructions of the facility director, i.e., the Deputy Director of Wassaic, in informing petitioner of her termination. No claim was made that Director Shaw instructed the deputy director to terminate petitioner, or approved the action of the deputy director with respect to her termination. Second, assuming, *arguendo,* that Director Shaw possessed the authority to delegate to his deputy director his statutorily conferred power to appoint and remove employees, the record does not support appellants' contention that he did so. There is no affidavit by Director Shaw or other document in the record to support a claim that he instructed Mr. Lasher to terminate petitioner's employment or to establish that he delegated that power to Mr. Lasher. In their brief on appeal appellants include a memorandum from Director Shaw stating that "Mr. Lasher has been designated responsibility for the day-to-day operation of the Developmental Center." That memorandum, which was not part of the record, is not properly before this court. What is more, it does not establish that Director Shaw intended to delegate, or did in fact delegate, to his deputy the power to appoint and remove employees. Titone, J. P., Gibbons, Niehoff and Boyers, JJ., concur.