■ In the Matter of DOUGLAS ELLIOTT, Appellant, v ARLINGTON CENTRAL SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents terminating the petitioner's employment, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated August 26, 1987, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner commenced the instant proceeding challenging his termination due to his physical condition on the grounds that (1) it was procedurally improper because it was not effected by the appointing authority, (2) he should have been granted a hearing pursuant to Civil Service Law § 72, and (3) he was not obligated to utilize the grievance procedure set forth in the applicable collective bargaining agreement because the issue raised involved a pure question of law which was beyond the scope of the procedure and because utilization of the contract procedure would have been futile. We find these contentions unpersuasive.

Initially, we note that in the situation at bar, unlike that in *Todriff v Shaw* (95 AD2d 775), the petitioner's termination was properly ratified by the appropriate appointing authority (i.e., the Board of Education). Hence, the termination was not procedurally defective.

Moreover, we are of the view that the grievance procedure set forth in the collective bargaining agreement entered into between the respondent Arlington Central School District and the union representing the petitioner constitutes a negotiated provision which is intended to supplant the protective statutory scheme found in Civil Service Law § 72 *(see, Antinore v State of New York,* 49 AD2d 6, *affd* 40 NY2d 921; *see also, Matter of Board of Educ. v Nyquist,* 48 NY2d 97; *Board of Educ. v Associated Teachers,* 30 NY2d 122), especially in view of the fact that the agreement went into effect subsequent to the effective date of the statute upon which the petitioner presently relies. Consequently, the petitioner was required to follow the contractual grievance procedure and was not entitled to invoke the benefits and protections afforded by Civil Service Law § 72.

Furthermore, we conclude that the substantive issue raised by the petitioner is not beyond the broad scope of the grievance procedure set forth in the contract, nor has the petitioner satisfactorily demonstrated that his participation in the procedure would be futile. Accordingly, the court properly concluded that the petitioner's failure to utilize the contract procedure mandated dismissal of the instant petition *(see, Matter of Plummer v Klepak,* 48 NY2d 486, *cert denied* 445 US 952). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.