In the Matter of NADINE A. SASSONE, Petitioner, v NEW YORK STATE THRUWAY AUTHORITY, Respondent.

Third Department, November 14, 1991

APPEARANCES OF COUNSEL

*D. Jeffrey Gosch* for petitioner.

*Resa J. Siegel* for respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

Petitioner has been employed by respondent as a toll collector since 1984. Misconduct charges were preferred against her on June 9, 1989, whereupon she was suspended without pay for 30 calendar days. On January 25, 1990, following three days of disciplinary hearings, the appointed Hearing Officer issued a written determination finding petitioner guilty of various charges and recommended that she be dismissed from service. A copy of the Hearing Officer's decision and recommendations was furnished to petitioner's counsel.

On January 30, 1990, an assistant toll division supervisor orally notified petitioner of "the Hearing Officer's decision to terminate [her] employment" with respondent. Thereafter, on February 8, 1990 respondent's senior personnel administrator wrote petitioner confirming the oral notification and enclosed an employee status change form which stated that petitioner was dismissed "pursuant to hearing officer's report". When petitioner's counsel requested of respondent's labor relations representative that he be provided with a copy of respondent's determination, the representative sent a letter dated February 9, 1990 which simply stated that the Hearing Officer's findings and recommendations "were accepted by [respondent] on January 30, 1990" and that petitioner's "termination * * * was effective on * * * January 31, 1990".

We agree with petitioner that her termination was procedurally unlawful for it was not effected in accordance with Civil Service Law § 75 (2), the collective bargaining agreement entered into between respondent and petitioner's union, and case law. Petitioner's contrary sentiment notwithstanding, we note initially that as this is an employee disciplinary action before an agency, State Administrative Procedure Act § 307 (1) does not apply *(see,* State Administrative Procedure Act § 102 [3]). Civil Service Law § 75 (2), however, which governs the procedure for removal and other disciplinary action directed at civil servants, does apply. Significantly, it expressly requires that the appointed Hearing Officer's record of the hearing and recommendations be referred to "such officer or body [having the power to remove] for review and decision"

(Civil Service Law § 75 [2]). Subdivisions 5 and 6 of section B of article XV of the collective bargaining agreement also bear prominently on this issue of who has the right and power to terminate petitioner. They add that respondent's determination shall be issued within five days after service of the Hearing Officer's decision and recommendation which are declared to be nonbinding upon the parties. Thus the statute and the bargaining agreement are consistent with the case law's recognition of the general proposition that "only the officer or body having the power to remove an employee may make or approve the decision removing [her]" and that this duty is nondelegable *(Todriff v Shaw,* 95 AD2d 775; *see, Matter of Weekes v O'Connell,* 304 NY 259, 265).

There is not a particle of evidence in this record establishing that respondent's chairperson, the officer with the primary responsibility for the discharge of the administrative functions of respondent *(see,* Public Authorities Law § 352 [1]), personally made or approved the determination to terminate petitioner *(see, Todriff v Shaw, supra,* at 775-776; *cf., Matter of Wiggins v Board of Educ.,* 60 NY2d 385, 388; *Matter of Elliott v Arlington Cent. School Dist.,* 143 AD2d 662, 663), or that if he could, that he delegated the power to do so. This is not just a lack of strict and technical compliance with the Civil Service Law, it is a lack of substantial compliance. Respondent is not free to ignore such a fundamental procedural requirement *(see, Matter of Weekes v O'Connell, supra,* at 265). Accordingly, the determination terminating petitioner must be annulled.

CASEY, J. P., WEISS, MIKOLL and LEVINE, JJ., concur.

Adjudged that the determination is annulled, with costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this court's decision.