■ In the Matter of ANTHONY BAKER, Petitioner, v CHIEF OF THE NEW YORK CITY TRANSIT POLICE DEPARTMENT et al., Respondents. [648 NYS2d 1001] —Proceeding pursuant to CPLR article 78 which was transferred to this Court by order of the Supreme Court, Kings County (Yoswein, J.), dated September 29, 1994, to review a determination of the respondents, dated March 3, 1993, which, after a hearing, found the petitioner guilty of three of four charges of misconduct filed against him and dismissed him from the department.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Initially, we note that the Supreme Court should have disposed of the petitioner's motion for leave to enter a default judgment and the respondents' cross motion to extend their time to answer before transferring the proceeding to this Court, as the granting of the former and the denial of the latter would have terminated the proceeding *(see,* CPLR 7804 [g]). Upon deciding these issues in the interest of judicial economy, the petitioner's motion is denied, the respondents' cross motion is granted, and the verified answer is deemed served *(see,* CPLR 7804 [e]).

The petitioner failed to object to the Hearing Examiner's admission into evidence of taped statements of two complainants who did not testify at the hearing and therefore has failed to preserve that issue for review *(see,* CPLR 4017; *Horton v Smith,* 51 NY2d 798). In any event, the statements were properly admitted *(see, Matter of Roldan v Bratton,* 203 AD2d 368; *see also, Matter of Anderson v Bane,* 199 AD2d 708; *Matter of Wright v Commissioner of N. Y. State Dept. of Motor Vehicles,* 189 AD2d 767).

The Hearing Officer's findings of guilt as to the three charges at issue were supported by substantial evidence *(see,* CPLR 7803 [4]), and the penalty imposed by the respondents is not so disproportionate to the offenses as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222).

The petitioner's remaining contention does not require annulment of the determination. Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.