**Paul FORAY, Plaintiff,**

v.

**BELL ATLANTIC, a/k/a Nynex Corporation, Defendant.**

**No. 98 CIV. 3525(RPP).**

United States District Court, S.D. New York.

June 7, 1999.

relationships with coverage equivalent to that enjoyed by married employees is, notwithstanding its good intentions, actually unlawful discrimination against him on the basis of sex. Defendant NYNEX[1] moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim.

A motion to dismiss may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *accord Branham v. Meachum,* 77 F.3d 626, 628 (2d Cir.1996). When passing on a motion to dismiss, the court must accept the allegations in the complaint as true and construe them in favor of the pleader. *See Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (per curiam); *accord Branham,* 77 F.3d at 628.

In January 1996, NYNEX instituted a new employee benefits plan. The benefits plan listed as an "eligible dependent" any employee's "same-sex domestic partner." These same-sex domestic partners could receive medical, dental and vision care coverage from NYNEX. Other benefits under this policy included beneficiary designations, leaves, relocation, life insurance and adoption reimbursement. (Compl.¶ 10.) Plaintiff Foray is a male employee of NYNEX who is unmarried, but who cohabits with his female domestic partner, Jeanine Muntzner. (*Id.* ¶¶ 3–5.) Subsequent to the implementation of the benefits plan, Foray submitted a formal request that NYNEX add Ms. Muntzner to the benefits plan. NYNEX denied this request. (*Id.* ¶ 11.) On June 10, 1997, NYNEX advised Foray by letter that his opposite-sex domestic partner did not meet the eligibility criteria to qualify as a Domestic Partner. (*Id.* ¶ 12; Def.'s Mem.

Trager, Cronin & Byczek, LLP, Lake Success, By Sebastian M. Alia, Esq., Paul Nack, Esq., Rocco G. Avallone, Esq., Counsel for Plaintiff.

Orrick, Herrington & Sutcliffe LLP, New York, By Jill J. Rosenberg, Esq., Robert S. Whitman, Esq., Counsel for Defendant.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff Paul Foray ("Foray") alleges that an employee benefits policy designed to provide certain employees in same-sex

---

**1.** Defendant states that plaintiff has improperly named the defendant as "Bell Atlantic a/k/a NYNEX Corporation," and that Bell Atlantic is simply the corporate parent of NYNEX, Foray's employer. (Memorandum in Support of Defendant's Motion to Dismiss ("Def.'s Mem. in Supp.") at 1 n. 1.)

in Supp., Ex. B.) The letter stated: "Under U.S. law same-sex domestic partners cannot marry, while opposite sex partners can. In view of this, coverage for Domestic Partners is offered only to same sex domestic partners, not to heterosexual partnerships." (Compl. ¶ 12; Def.'s Mem. in Supp., Ex. B.)

In October 1997, Foray filed a complaint against NYNEX in Supreme Court, New York County, claiming NYNEX's denial of his request constituted discrimination against him on the basis of his sexual orientation and marital status in violation of New York State and New York City law, N.Y. Exec. Law § 296(1) *et seq.* and N.Y.C. Admin. Code § 8–101 *et seq.* (Def.'s Mem. in Supp., Ex. B.) NYNEX removed the case to federal district court pursuant to 28 U.S.C. § 1441 on the basis that Foray's claims related to the administration of an employee benefit plan and were preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Before NYNEX filed an answer, plaintiff filed a motion for voluntary dismissal pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. The motion was granted and the case was dismissed without prejudice on November 27, 1997.

On November 13, 1997, Foray filed a charge of discrimination based on sex with the Equal Employment Opportunity Commission (the "EEOC"). (Compl. ¶ 6 & Ex. A.) Foray received from the EEOC a right to sue letter dated February 19, 1998 (*id.* ¶ 6 & Ex. A), and filed the present action on May 18, 1998. The complaint alleges that the NYNEX benefits policy violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, and the Equal Pay Act, 29 U.S.C. §§ 206(d), 215a(1)-(2). Foray states in his complaint that he meets all of the criteria for receiving benefits under domestic partner provi-

sion of the NYNEX benefits plan except that he is male and his partner is female. (Compl.¶ 13.) The complaint alleges that NYNEX has discriminated against him because "all things being equal, if Foray's gender were female, he would be entitled to claim his domestic partner as an eligible dependent under the benefits plan." (*Id.* 14.) [2]

Plaintiff's chief argument, that "but for" his sex, he would not have been discriminated against, is supported by legal theorists and a decision in a different context by the Hawaii Supreme Court. *See Baehr v. Lewin*, 74 Haw. 530, 74 Haw. 645, 852 P.2d 44, 60 (1993) (holding that Hawaii's refusal to marry same-sex couples constitutes discrimination "because of . . . sex" under Equal Protection Clause of Hawaii Constitution because it depends on sex of marriage applicant); Andrew Koppelman, Why Discrimination Against Lesbians and Gay Men is Sex Discrimination, 69 N.Y.U. L.Rev. 197, 208 (1994); Samuel A. Marcosson, Harassment on the Basis of Sexual Orientation: A Claim of Sex Discrimination Under Title VII, 81 Geo. L.J. 1, 3–4 (1992). *But see Cleaves v. City of Chicago*, 21 F.Supp.2d 858, 861 (N.D.Ill.1998) (rejecting claim that employee benefits plan covering spouses and unmarried homosexual partners, but not unmarried heterosexual partners, constitutes sex discrimination in violation of Title VII).

To establish discrimination under Title VII, plaintiff must show that he was treated differently from "similarly situated" persons of the opposite sex. *See Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir.1997); *DeCintio v. Westchester County Med. Ctr.*, 807 F.2d 304, 306 (2d Cir.1986), *cert. denied*, 484 U.S. 825, 108 S.Ct. 89, 98 L.Ed.2d 50 (1987). "To be 'similarly situated,' the in-

**2.** Unlike the state court complaint, the present complaint does not allege discrimination on the basis of sexual orientation or marital status. Indeed, plaintiff "acknowledges that neither sexual orientation nor marital status

discrimination are [sic] prohibited by federal law." (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss at 12–13.)

**330**

dividuals with whom [plaintiff] attempts to compare [him]self must be similarly situated in all material respects." *Shumway*, 118 F.3d at 64. Plaintiff's claim that he was treated differently from similarly situated persons of the opposite sex depends on the assumption that a similarly situated woman is one who has a female domestic partner. However, a woman with a female domestic partner is differently situated from plaintiff in material respects because under current law, she, unlike plaintiff, is unable to marry her partner. *See In re Cooper*, 187 A.D.2d 128, 592 N.Y.S.2d 797 (2d Dep't 1993) (upholding as constitutional New York State's denial of marriage licenses to same-sex partners). A woman and her same-sex domestic partner, unlike plaintiff and Ms. Muntzner, will never be eligible for a host of benefits available to opposite-sex couples who are able to marry. Among such benefits, of course, are those extended to married couples under defendant's employee benefits plan. This difference in the ability to marry, which does not bear on the quality or stability of the relationship, is material in the context of a compensation plan which grants benefits to employees' chosen partners. NYNEX's policy of distinguishing between unmarried opposite-sex couples and unmarried same-sex couples reflects and remedies differences between these persons which are material in this particular context, and does not discriminate between similarly situated men and women.

Plaintiff's claim under the Equal Pay Act is deficient for the same reason. The Equal Pay Act prohibits an employer from discriminating "between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). As with plaintiff's Title VII claim, plaintiff has not been treated differently from a woman with an opposite-sex partner, and there is no rea-

son to conclude that plaintiff has been treated differently from an unmarried woman with a female domestic partner "on the basis of sex," instead of on the basis of his ability to marry. Plaintiff's Equal Pay Act claim, like his Title VII claim, must fail. *Cf. DeCintio v. Westchester County Med. Ctr.*, 807 F.2d 304, 308 (2d Cir.1986), *cert. denied*, 484 U.S. 825, 108 S.Ct. 89, 98 L.Ed.2d 50 (1987) (applying same analysis under Title VII and Equal Pay Act to determine whether discrimination was on basis of sex).

Defendant's motion is granted. The Clerk of the Court shall enter judgment dismissing plaintiff's complaint in its entirety.

IT IS SO ORDERED.