■ In the Matter of COUNTY OF PUTNAM et al., Appellants, v PUTNAM COUNTY SHERIFF's BENEVOLENT ASSOCIATION, INC., Respondent. [806 NYS2d 229]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration pursuant to a collective bargaining agreement, the petitioners appeal from an order of the Supreme Court, Putnam County (Shapiro, J.), dated August 20, 2004, which

denied the petition and granted the motion of the Putnam County Deputy Sheriff's Benevolent Association, Inc., to compel arbitration.

Ordered that the order is affirmed, with costs.

The respondent, Putnam County Sheriff's Benevolent Association, Inc., demanded arbitration of various grievances pursuant to a collective bargaining agreement with the petitioners County of Putnam and Putnam County Sheriff. The petitioners commenced this proceeding to permanently stay such arbitration on the grounds that (1) the respondent's demand for arbitration was defective, (2) the respondent failed to comply with conditions precedent to arbitration set forth in the collective bargaining agreement, and (3) the demand for arbitration concerned multiple grievances in violation of the terms of the collective bargaining agreement. However, the collective bargaining agreement provides, in relevant part: "The parties direct the arbitrator to decide, as a preliminary question, whether jurisdiction exists to hear and decide the matter in dispute. The jurisdiction of the arbitrator in deciding matters in dispute under the grievance procedure shall cover only disputes constituting a controversy arising over the interpretation, application, or alleged violation of the terms and conditions of this Agreement. Those matters determined by the arbitrator to be outside this definition shall not be decided by the arbitrator, except the determination of jurisdiction." All of the issues raised by the petition concerned either the interpretation or application of the terms and conditions of the collective bargaining agreement, or whether jurisdiction existed to hear and decide the matters in dispute. Thus, the issues were properly determined by the arbitrator (*see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1 [1980]; *Matter of Board of Educ. of City School Dist. of City of Newburgh [Newburgh Teachers' Assn.]*, 58 AD2d 636 [1977]). Adams, J.P., S. Miller, Ritter and Rivera, JJ., concur.