■ In the Matter of ARTHUR MELENDEZ, Petitioner, v BOARD OF EDUCATION OF YONKERS CITY SCHOOL DISTRICT et al., Respondents. [828 NYS2d 67]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Bernard P. Pierorazio, Interim Superintendent of the Yonkers Public Schools, dated September 7, 2005, which adopted the recommendation of a hearing officer, dated August 26, 2005, made after a hearing, finding that the petitioner was guilty of two charges of misconduct and insubordination and terminating his employment.

Adjudged that the petition is granted, on the law, and the determination is annulled, with costs.

The petitioner Arthur Melendez was terminated from his employment as a school safety officer after a hearing pursuant to Civil Service Law article 75. He commenced this proceeding to annul that determination asserting, inter alia, that the designation of the hearing officer was not made by an officer or body having the power to remove him as required by Civil Service Law § 75 (2). Consequently, he argues, the report of the hearing officer was a nullity, and the determination based upon it was arbitrary. We grant the petition.

In the absence of a specific designation of the power to remove, the power to remove is a function of the power to appoint (*see Matter of McComb v Reasoner,* 29 AD3d 795 [2006]). Here, the petitioner asserts, pursuant to Education Law article 52, the body with the power to remove him was the Board of Education of the Yonkers City School District, not the Superintendent of the Yonkers Public Schools who signed the designation (*see* Education Law §§ 2554, 2566, 2573). At oral argument, the respondents agreed that the Education Law was controlling. On this record, we must conclude that the designation of the hearing officer was not by an officer or body having the power to remove the petitioner as required by Civil Service Law § 75 (2) (*cf. Matter of Elliott v Arlington Cent. School Dist.,* 143 AD2d 662 [1988]). Thus, the report of the hearing officer was a nullity, and the determination based upon it arbitrary (*see Matter of Wiggins v Board of Educ. of City of N.Y.,* 60 NY2d 385, 387

[1983]; *McComb v Reasoner, supra* at 795). Because this objection would have terminated the proceeding within the meaning of CPLR 7804 (g), it should have been decided by the Supreme Court prior to transferring the proceeding to this Court for determination of the substantial evidence issue. However, we have reached the merits of the argument in the interest of judicial economy (*see Matter of Baker v Chief of N.Y. City Tr. Police Dept.*, 232 AD2d 632 [1996]).

In light of our determination, the petitioner's remaining contentions need not be reached. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.