■ In the Matter of RUSSELL COLEMAN, Petitioner, v TOWN OF EASTCHESTER et al., Respondents. [835 NYS2d 621]—

Proceeding pursuant to CPLR article 78 to review a determination of the Town of Eastchester and the Town Board of the Town of Eastchester dated September 6, 2005, which adopted the findings of a hearing officer, made after a hearing, that the petitioner was guilty of misconduct, insubordination, and incompetence, and suspended him from employment without pay for a period of 60 days. Motion by the respondents to dismiss the petition for failure to exhaust administrative remedies.

Ordered that the respondents' motion to dismiss the petition for failure to exhaust administrative remedies is denied; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner, Russell Coleman, was employed as a groundskeeper for a municipal golfing facility known as "Lake Isle," owned by the Town of Eastchester. He was charged with 18 instances of misconduct, insubordination, and incompetence for his work performance from April to November 2004. After a hearing, Coleman was found guilty of nine of the charges by a hearing officer, and the Town, adopting the findings, imposed a penalty suspending Coleman from employment without pay for a period of 60 days.

Coleman commenced this proceeding against the Town and the Town Board of the Town of Eastchester (hereinafter collectively the Town), pursuant to CPLR article 78, claiming that the Town's determination was not supported by substantial evidence and that the penalty was shocking to one's sense of fairness. The Town moved, pursuant to CPLR 7804 (f), to dismiss the petition on the ground that Coleman failed to exhaust his administrative remedies prior to commencing this proceeding by not following the grievance procedure set forth in the parties' collective bargaining agreement. The Supreme Court, Westchester County, transferred the matter to this Court pursuant to CPLR 7804 (g) without first determining the Town's motion to dismiss.

Initially, we note that the Supreme Court should have disposed of the Town's motion to dismiss prior to transferring

the proceeding to this Court, as the granting of the motion would have terminated the proceeding (*see* CPLR 7804 [g]; *Matter of Baker v Chief of N.Y. City Tr. Police Dept.*, 232 AD2d 632 [1996]). Nonetheless, we will decide the motion in the interest of judicial economy (*see id.*; *see also Matter of Melendez v Board of Educ. of Yonkers City School Dist.*, 34 AD3d 814, 815 [2006]).

The Town's motion to dismiss the petition for failure to exhaust administrative remedies must be denied. Coleman's contentions that the Town's determination was not supported by substantial evidence, and that the penalty imposed was shocking to one's sense of fairness, were not governed by the grievance procedure set forth in the collective bargaining agreement.

Turning to the merits of the petition, contrary to Coleman's contention, the findings of misconduct, insubordination, and incompetence were supported by substantial evidence at the hearing (*see Matter of Lahey v Kelly*, 71 NY2d 135, 140 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). Furthermore, the penalty imposed was not so disproportionate to Coleman's conduct as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). Accordingly, we will not disturb the determination (*see Matter of Holsapple v Arlington Cent. School Dist.*, 136 AD2d 639 [1988]). Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.