In a proceeding pursuant to CPLR article 78 to review a determination of the respondents City of New Rochelle, City Manager of the City of New Rochelle, Civil Service Administrator of the City of New Rochelle, and Personnel Director of the City of New Rochelle, dated August 2, 2006, which adopted the findings of the respondent hearing officer Anthony J. Grant, made after a hearing, that the petitioner was guilty of the disciplinary charges against her, and terminated her employment with the respondent City of New Rochelle, the petitioner appeals from so much of an order and judgment (one paper) of *664 the Supreme Court, Westchester County (Adler, J.), entered July 17, 2007, as granted the motion of the respondents City of New Rochelle, City Manager of the City of New Rochelle, Civil Service Administrator of the City of New Rochelle, and Personnel Director of the City of New Rochelle, to dismiss the petition insofar as asserted against them for failure to exhaust administrative remedies, and dismissed the proceeding insofar as asserted against those respondents.
Ordered that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioner Gina Amorosano-LePore commenced this CPLR article 78 proceeding to review a determination of the respondents City of New Rochelle, City Manager of the City of New Rochelle, Civil Service Administrator of the City of New Rochelle, and Personnel Director of the City of New Rochelle (hereinafter collectively the City) to terminate her employment.
In lieu of an answer, the City moved pursuant to CPLR 7804 (f) to dismiss the petition on the ground that, among other things, the petitioner failed to exhaust her administrative remedies under the collective bargaining agreement (hereinafter the CBA) between the City and the Civil Service Employee’s Association (hereinafter the CSEA). The Supreme Court granted the City’s motion to dismiss the petition insofar as asserted against the City on that basis. We affirm.
Contrary to the petitioner’s contention, the Supreme Court properly considered the CBA in determining that documentary evidence conclusively established a defense as a matter of law, as the petitioner failed to avail herself of the available administrative remedies provided in the CBA (see Matter of Coleman v Town of Eastchester, 39 AD3d 855 [2007]; Matter of Hammond v Village of Elmsford, 8 AD3d 484, 485 [2004]; Matter of Muzzillo v Mount Vernon City School Dist., 238 AD2d 424 [1997]; accord Leon v Martinez, 84 NY2d 83, 88 [1994]; Meyer v Guinta, 262 AD2d 463, 464 [1999]).
None of the claimed exceptions to the rule requiring the exhaustion of administrative remedies is applicable. The petitioner’s contention that the officials acted beyond the scope of their authority directly related to the interpretation, application, and enforcement provisions of the CBA and was reviewable under articles XI and XII of the CBA (see Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni, 49 NY2d 311, 314 [1980]; Matter of County of Putnam v Putnam County Sheriff’s Benevolent Assn., Inc., 24 AD3d 546, 547 [2005]; Matter of Elliott v Arlington Cent. School Dist., 143 AD2d 662, 663 [1988]).
*665 The petitioner’s contention that she was deprived of due process by the identity and conduct of the hearing officer also could have been addressed through administrative review by an arbitrator chosen by both the employer and the petitioner’s union as provided for in articles XI and XII of the CBA (see Matter of Warder v Board of Regents of Univ. of State of N.Y., 53 NY2d 186, 197 [1981], cert denied 454 US 1125 [1981]; Matter of Tasadfoy v Town of Wappinger, 22 AD3d 592 [2005]; Matter of Levine v Board of Educ. of City of N.Y., 186 AD2d 743, 744 [1992]).
The petitioner failed to demonstrate that she was prevented from availing herself of the remedial provisions of the CBA to the extent that it would have rendered the pursuit of such remedies futile, and thus excuse her failure to exhaust those remedies (see Matter of Brown v County of Nassau, 288 AD2d 216, 217 [2001]; Matter of Elliott v Arlington Cent. School Dist., 143 AD2d at 663).
The petitioner’s remaining contentions are without merit. Mastro, J.E, Rivera, Covello and Leventhal, JJ., concur.