In the Matter of PUTNAM/NORTHERN WESTCHESTER BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Petitioners, v WESTCHESTER COUNTY HUMAN RIGHTS COMMISSION et al., Respondents. [917 NYS2d 635]——

Proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Human Rights Commission dated January 6, 2009, which adopted the findings and recommendations of an Administrative Law Judge, made after a hearing, finding that the petitioners violated Westchester County Human Rights Law § 700.03 by unlawfully discriminating against the complainant on the basis of her sexual orientation and marital status and that the complainant is entitled to domestic partner health care benefits for her opposite-sex domestic partner to the same extent as if he were her same-sex domestic partner, enjoined the petitioners from maintaining their policy of extending health care benefits to same-sex domestic partners and not to opposite-sex domestic partners, and awarded the complainant damages in the principal sum of $24,178.

Adjudged that the petition is granted, on the law and the

facts, without costs or disbursements, and the determination is annulled.

The complainant is employed as a teacher by the Croton Harmon Union Free School District (hereinafter the school district). She has lived with a male partner in a romantic relationship for more than 30 years. They have never married. They registered their domestic partnership with Westchester County in 2006.

Employees of the school district are provided health care benefits through the Putnam/Northern Westchester Health Benefits Consortium (hereinafter the Plan), which is offered by the Putnam/Northern Westchester Board of Cooperative Educational Services. The Joint Governance Board of the Plan (hereinafter the Board) is vested with authority over the health care benefits offered.

In March 2005, the Board voted to extend dependent health care benefits to same-sex domestic partners of member employees, effective July 1, 2005. It notified member employees of the new policy in a newsletter issued in May 2005. On August 11, 2005, the complainant sought "Domestic Partner health coverage" for her opposite-sex domestic partner, pursuant to the Plan's "Domestic Partner Policy." By letter dated November 23, 2005, the Board notified the complainant that it had denied her request, on the ground that the policy only covered same-sex domestic partners. In connection with that denial, the complainant filed a complaint with the Westchester County Human Rights Commission (hereinafter the Commission) on or about June 26, 2006, alleging that she had been unlawfully discriminated against on the basis of her sexual orientation and marital status, in violation of the Westchester County Human Rights Law (see Westchester County Human Rights Law § 700.03). The complaint sought injunctive relief and damages.

After a hearing, an Administrative Law Judge (hereinafter the ALJ) found that the complainant had timely filed a complaint with the Commission, and that the petitioners had unlawfully discriminated against the complainant on the basis of her sexual orientation and marital status. The ALJ recommended that the petitioners be directed to cease and desist the discriminatory policy and to make health care benefits available to opposite-sex domestic partners, and, particularly, to the complainant's domestic partner, as they would to same-sex domestic partners. The ALJ further recommended that the complainant be awarded damages in the principal sum of $24,178. The Commission accepted, approved, and adopted the ALJ's findings, determination, and recommended order.

The petitioners then commenced this CPLR article 78 proceeding to review the Commission's determination, alleging, among other things, that it was not supported by substantial evidence. The Supreme Court transferred the proceeding to this Court for determination pursuant to CPLR 7804 (g). We grant the petition and annul the determination.

The Westchester County Human Rights Law prohibits employers from discriminating against employees in the terms of their compensation on the basis of their actual or perceived group identity (see Westchester County Human Rights Law § 700.03 [a] [1]). Group identity includes, inter alia, sexual orientation and marital status (Westchester County Human Rights Law § 700.02 [10]). Sexual orientation is defined as heterosexuality, homosexuality or bisexuality (§ 700.02 [20]). Challenges must be brought within one year of the occurrence of the alleged unlawful discriminatory practice (Westchester County Human Rights Law § 700.12).

Preliminarily, the petition asserted that the Commission erred in failing to dismiss the complaint as untimely. Although the Supreme Court should have determined this issue prior to transferring the proceeding to this Court, as a determination of the issue could have terminated the proceeding, we will nonetheless reach the issue in the interest of judicial economy (see Matter of Coleman v Town of Eastchester, 39 AD3d 855 [2007]; Matter of Melendez v Board of Educ. of Yonkers City School Dist., 34 AD3d 814, 815 [2006]). Contrary to the petitioners' contention, the complainant timely filed her complaint with the Commission within one year of the Board's notification of its denial of her request for coverage (see CPLR 203 [a]). While the complainant might have become aware of the Domestic Partner Policy in May 2005, contrary to the petitioners' contention, the complainant's claim did not accrue at that time, based upon her mere knowledge of the policy (see generally Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 514 [1986], cert denied 479 US 985 [1986]; Lang's Creamery, Inc. v City of Niagara Falls, 251 NY 343 [1929]; Matter of Town of Riverhead v Central Pine Barrens Joint Planning & Policy Commn., 71 AD3d 679 [2010]). However, the complaint before the Commission, although timely, should have been denied.

In a CPLR article 78 proceeding to review a determination of an administrative agency made after a hearing, at which evidence was taken, the agency's determination must be upheld if it is supported by substantial evidence (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222,

231 [1974]; *Matter of Sauer v Donaldson*, 49 AD3d 656 [2008]). Here, the Commission's determination was not supported by substantial evidence.

The complainant failed to meet her burden of demonstrating a prima facie case of discrimination based upon marital status because eligibility for the domestic partner health care benefits for which she applied "[does] not turn on the marital status" of the employee (*Levin v Yeshiva Univ.*, 96 NY2d 484, 490, 494 [2001]; *see Hudson View Props. v Weiss*, 59 NY2d 733 [1983]; *Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd.*, 51 NY2d 506 [1980]; *Matter of Sauer v Donaldson*, 49 AD3d 656 [2008]; *see also Foray v Bell Atl.*, 56 F Supp 2d 327, 330 [1999]). Indeed, the individuals whom the complainant claims she was treated differently from with respect to the provision of domestic partner health care benefits have the same marital status as her.

The complainant did, however, meet her prima facie burden with respect to her claim of discrimination based upon her sexual orientation by demonstrating, inter alia, circumstances— that is, the provision of health care benefits to same-sex domestic partners and denial of such benefits to her and her opposite-sex domestic partner—giving rise to an inference of discrimination (*cf. Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO*, 6 NY3d 265, 271 [2006]; *Matter of Sauer v Donaldson*, 49 AD3d at 656). Thus, the burden shifted to the petitioners to set forth a legitimate, nondiscriminatory reason for the decision to extend domestic partner benefits only to same-sex couples.

The petitioners met that burden by demonstrating that the reason for offering health care benefits only to same-sex domestic partners is that same-sex domestic partners cannot obtain benefits offered by the petitioners to employees' spouses by becoming lawfully married in this State (*cf. Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO*, 6 NY3d at 271; *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 307 [2004]; *Matter of Sauer v Donaldson*, 49 AD3d at 656-657). Indeed, the Domestic Partner Policy itself states that it may be rescinded in the event that same-sex marriage becomes legal in the member's state of residence. Contrary to the respondents' contentions, the ability of same-sex couples to be lawfully married in certain other jurisdictions does not undermine the legitimate, nondiscriminatory basis for the petitioners' decision to offer benefits to same-sex couples, that is, the impediment to marrying in this State.

The parties' remaining contentions are either without merit

or academic in light of our determination. Skelos, J.P., Balkin, Chambers and Austin, JJ., concur.