■ In the Matter of JOHN V. O'REILLY, Petitioner, v WILLIAM E. PISANI, as Commissioner of the Department of Building of the City of White Plains, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Building of the City of White Plains, dated October 24, 1979, which, after a hearing, found petitioner guilty of charges of misconduct and incompetency and dismissed him from his position as senior plumbing code enforcement officer. Petition granted, to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the Department of Building of the City of White Plains for a *de novo* determination by a deputy commissioner, or any other duly qualified individual who may be designated, based upon the original hearing record. Petitioner was charged in several specifications with misconduct and incompetency. The charges were instituted by respondent Pisani, Commissioner of the Department of Building of the City of White Plains. In

fact, one of the specifications concerned a situation where Commissioner Pisani was directly involved. There followed a hearing before a designated hearing officer who found the petitioner not guilty of eight of the specifications, guilty of seven, and recommended that one of the charges be withdrawn. He recommended that petitioner be demoted in title. However, upon review, the commissioner rejected the hearing officer's recommendations as to four of the specifications for which a not guilty finding had been made, and found him guilty. Moreover, he also found petitioner guilty of the charge for which the hearing officer had recommended withdrawal. As a result of the foregoing, the commissioner imposed the penalty of dismissal. Although we find no fault with the conduct of the hearing, we believe that, as a matter of propriety and because of his personal involvement, the commissioner should have disqualified himself from acting with respect to the charges (see *Matter of McLaughlin v North Bellmore Union Free School Dist.,* 73 AD2d 935; *Matter of Aiello v Tempera,* 65 AD2d 791). Accordingly, there should be a full review of the evidence and recommendation, and a reconsideration of the punishment by a deputy commissioner or other duly qualified individual, not heretofore involved in these proceedings or in petitioner's accusations (see *Matter of Aiello v Tempera, supra)*. Damiani, J.P., O'Connor, Weinstein and Thompson, JJ., concur.