■ TOWN OF FISHKILL et al., Appellants, v POWER AUTHORITY OF THE STATE OF NEW YORK, Respondent.—In an action to enjoin the defendant from the cutting of trees in the plaintiff towns, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Palella, J.), dated October 7, 1985, which denied their motion for a preliminary injunction.

Justice Weinstein has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the order of this court, dated October 11, 1985, which, *inter alia,* directed that the appeal be perfected for the January 1986 Term. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.

■ In the Matter of EUGENE CAFARO, Petitioner, v WILLIAM PEDERSEN et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Nassau County Department of Labor, dated February 28, 1985, which, after a hearing, suspended for 60 days the petitioner's employment as a job developer for the handicapped with the Nassau County Department of Labor.

Adjudged that the petition is granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the Nassau County Department of Labor for a de novo determination by a duly qualified individual who may be designated by the respondents. The determination shall be based upon the original hearing record and shall include written findings of fact showing the grounds for the decision.

This matter was heard before an impartial Hearing Officer, who made findings of fact and recommendations which were disregarded by the respondent Commissioner who then made new findings and imposed a harsher penalty. As a matter of propriety, the Commissioner should have disqualified himself from acting with respect to any of the charges in view of the

fact that he instituted the initial investigation and was directly involved and present at at least one of the alleged incidents *(see, Matter of Edgar v Dowling,* 96 AD2d 510, 511; *Matter of Devany v Rice,* 84 AD2d 565; *Sinicropi v Milone,* 80 AD2d 609). Furthermore, the Commissioner's wife was the petitioner's office manager and a material witness in this proceeding. Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.