■ In the Matter of DONALD WAYERING, Petitioner, v COUNTY OF ST. LAWRENCE et al., Respondents.—Weiss, J.

Respondent Sheriff of St. Lawrence County preferred disciplinary charges pursuant to Civil Service Law § 75 against petitioner, a Deputy Sheriff, for violating various rules and regulations of the Sheriff's office. Specifically, petitioner was charged with (1) purchasing alcoholic beverages for Michael McCormick, an 18-year-old minor, (2) failing to report the purchase of alcoholic beverages for McCormick by others, and (3) conduct "Unbecoming to a Police Officer". The Hearing Officer appointed by the Sheriff found petitioner guilty of all charges. The Sheriff disregarded the proposed penalty of a six-month suspension without pay and, instead, terminated petitioner. Supreme Court denied several claims of prejudice raised in the petition and transferred the remaining issues in this CPLR article 78 proceeding to this court.*

We are unpersuaded by petitioner's assertion that he was deprived of a fair hearing due to the alleged bias of the Hearing Officer and the purported misconduct of the County Attorney who prosecuted the charges against him. Petitioner's characterization of the Hearing Officer as unduly "inquisitorial" is simply not borne out by the record. The fact that the Hearing Officer limited petitioner's cross-examination of cer-

---

* As indicated, Supreme Court reviewed and rejected various allegations that petitioner was deprived of a fair hearing prior to transferring the proceeding to this court. In particular, Supreme Court determined that the Sheriff's personal involvement did not disqualify him from reviewing the Hearing Officer's decision. Upon a transfer pursuant to CPLR 7804 (g), Supreme Court may "itself pass on objections in point of law". While the scope of this authority is not clear cut, the objections embraced by this provision have been characterized as akin to the threshold objections listed in CPLR 3211, pursuant to which a case may be disposed of without reaching the merits (see, Matter of Hop-Wah v Coughlin, 118 AD2d 275, 276-277, revd on other grounds 69 NY2d 791; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7804:9, at 507-508; Siegel, NY Prac § 568, at 796-797). It has also been suggested that Supreme Court may review other legal issues, separate from the substantial evidence question, albeit not determinative of the proceeding (see, Siegel, NY Prac § 568, at 797; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7804.09). In our view, however, the fair hearing claims raised in the petition do not fall within the "objections in point of law" category. Consequently, Supreme Court acted beyond its jurisdictional authority in passing on these claims. In any event, the matter having been transferred to this court, we "shall dispose of all issues in the proceeding" (CPLR 7804 [g]; see, Siegel, NY Prac § 569, at 799). This decision will proceed accordingly.

tain prosecution witnesses and allowed rebuttal testimony on the issue of petitioner's awareness of McCormick's age does not equate to bias. Upon our review of the record, we discern no disparity in treatment that served to deprive petitioner of a fair and impartial hearing (see, Civil Service Law § 75 [2]; *Matter of Gioe v Board of Educ.,* 126 AD2d 723; *Matter of Pollman v Fahey,* 106 AD2d 771). Nonetheless, we do agree that the County Attorney's private consultation with McCormick during a brief break in the cross-examination of this witness was highly improper. A review of McCormick's testimony, however, does not indicate he was in any way affected by the County Attorney's action. We do not condone the County Attorney's conduct, but cannot agree that it served to deprive petitioner of a fair hearing.

We further conclude that the Hearing Officer's assessment of guilt is supported by substantial evidence. The pivotal issue in this case was whether petitioner knew McCormick was a minor at the time of the events in question. While there was a divergence of testimony on this point, the weight to be accorded the evidence presented and the assessment of the witnesses' credibility was within the province of the Hearing Officer (see, *Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *Matter of Lee v Chesworth,* 135 AD2d 1046). Since the testimony relied upon by the Hearing Officer supports his conclusion that petitioner knew McCormick's true age, the determination is supported by substantial evidence.

However, petitioner's argument that the Sheriff should have disqualified himself from reviewing the Hearing Officer's determination does have merit. It was the Sheriff who preferred the charges, appointed the Hearing Officer, appeared at each of the three days of the hearing, and noticeably aligned himself with the prosecution by consulting with the County Attorney on the strategy and conduct of the case. This personal involvement required that the Sheriff, as a matter of propriety, disqualify himself from reviewing the recommendation of the Hearing Officer and acting on any of the charges (see, *Matter of Hicks v Fortier,* 117 AD2d 930; *Matter of Sander v Owens,* 82 AD2d 968). Accordingly, the petition should be granted to the extent of annulling the determination and remitting the matter to respondents for a de novo determination on the present record by a county official who would be authorized to act upon the disqualification of the Sheriff. Having so concluded, we need not consider petitioner's challenges to the penalty imposed.

Determination annulled, without costs, and matter remitted

to respondents for further proceedings not inconsistent with this court's decision. Kane, J. P., Weiss, Levine, Harvey and Mercure, JJ., concur.