■ In the Matter of DONALD WAYERING, Respondent-Appel-

lant, v County of St. Lawrence et al., Appellants-Respondents.—Harvey, J. Cross appeals from a judgment of the Supreme Court (Duskas, J.), entered November 18, 1988 in St. Lawrence County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Eileen M. Petrie terminating petitioner from his position as a Deputy Sheriff.

The facts of this case are set out in more detail in this court's prior decision in this matter *(Matter of Wayering v County of St. Lawrence,* 140 AD2d 838). Briefly stated, petitioner, a former Deputy Sheriff of respondent County of St. Lawrence, was found guilty after a hearing of disciplinary charges preferred against him pursuant to Civil Service Law § 75. These charges stemmed from an incident whereby petitioner apparently purchased or permitted the purchase of alcohol for an individual under the legal drinking age. Although the Hearing Officer recommended a lesser penalty, respondent Sheriff of St. Lawrence County instead terminated petitioner. Thereafter, petitioner instituted a CPLR article 78 proceeding seeking to set aside the Sheriff's determination and to be reinstated to his former position. The proceeding was ultimately transferred to this court where we found, *inter alia,* that the Sheriff should have disqualified himself from reviewing the Hearing Officer's determination based upon his personal involvement in the proceeding. This court annulled the determination and remitted the matter to respondents "for a de novo determination on the present record by a county official who would be authorized to act upon the disqualification of the Sheriff" *(supra,* at 840).

On remittal, the Sheriff disqualified his Undersheriff from acting based upon that individual's prior participation in the hearing. The Sheriff then deputized respondent Eileen M. Petrie, an administrative assistant to the St. Lawrence County Board of Legislators, for the purpose of reviewing the record and making a determination with respect to petitioner. Petitioner's objections to Petrie's appointment were denied and Petrie thereafter terminated petitioner's employment. Subsequently, petitioner commenced this proceeding alleging principally that Petrie's determination should be set aside insofar as she is not authorized by law to act upon the disqualification of the Sheriff and that her appointment violated lawful procedure. Supreme Court annulled the determination concluding that, as a matter of propriety, the County Judge should have designated an individual pursuant to County Law § 651 to determine the issue. These cross appeals ensued.

We reverse. In our view Supreme Court erred in vacating Petrie's determination and remitting the matter to the County Judge of St. Lawrence County for the appointment of "some suitable and proper resident of the county to perform the duties of sheriff" (County Law § 651). By its express terms County Law § 651 does not apply to the instant case as there was no vacancy in the office of Sheriff.

Instead, the Sheriff deputized Petrie pursuant to County Law § 652 (2) which provides, in part, that "[a]ny person may also be deputed by any sheriff * * * to do particular acts". Contrary to Supreme Court's decision, we find nothing improper in the Sheriff's action under the instant circumstances. Upon examining the record we find that the Sheriff complied with our prior decision in this matter. We did not direct a particular method for choosing a successor in this case. In the absence of proof otherwise, we reject the implication that any choice of the Sheriff's would be improper per se (see, e.g., Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 603). The Sheriff, by deputizing a county official and appointing her to make a decision both as to guilt and punishment, carried out his duty as Sheriff and complied with the prior decision of this court.* On this record Petrie stands as a qualified county official not heretofore involved in these proceedings (see, Matter of Sander v Owens, 82 AD2d 968, 969; Matter of O'Reilly v Pisani, 79 AD2d 973, 974). Petrie's determination of guilt is amply supported by the record and we find no basis for disturbing it.

Turning to the remaining allegations in the petition, we reject petitioner's contentions that the penalty of termination was somehow improper or so disproportionate to the offense as to shock one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 223). Petitioner was found guilty of conduct unbecoming to a police officer in purchasing alcoholic beverages for an 18 year old and witnessing others purchasing alcoholic beverages for the same underaged boy and doing nothing about it. On the night in question this boy became involved in a fight and was severely injured. In addition, petitioner's record showed other alcohol-related complaints and other problems in the past. Given all these factors it cannot be said that the penalty of termination was either shocking or inappropriate. Instances of criminal conduct by police officers, or of endangering the public, will justify the

---

* It should be noted that in our prior decision we did not find the Sheriff's appointment of the Hearing Officer to have been improper.

penalty of termination *(see, Matter of Dillon v Connelie,* 93 AD2d 968).

The remaining contentions of petitioner have been examined and found to be unpersuasive.

Judgment reversed, on the law, without costs, and petition dismissed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.

