■ In the Matter of JOHN A. MEMMELAAR, Respondent, v JOSEPH STRAUB, JR., as Highway Superintendent of the Town of Chester, Appellant, et al., Respondents.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Carey, J.), entered December 17, 1990 in Orange County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents demoting petitioner from his employment as a highway foreman.

Petitioner was employed by respondent Town of Chester, Orange County, in the civil service position of highway foreman from March 1986 until May 1988. At that time, petitioner was appointed by the Town Board to serve as acting Highway Superintendent on a temporary basis until December 1988 following the removal of the then-Highway Superintendent for misappropriation of Town funds. Meanwhile, petitioner ran against respondent Joseph Straub, Jr. (hereinafter respondent) in a primary election for Highway Superintendent. Respondent won the primary election, ran unopposed in the general election and took office as Highway Superintendent on January 1, 1989. Petitioner then returned to his civil service position of highway foreman.

Shortly after respondent took office, he attempted to replace petitioner as highway foreman with his son, Joseph Straub, III. The Town Board, however, refused to certify respondent's new payroll, pursuant to which petitioner was to be paid at an hourly rate in a position subordinate to foreman. Respondent brought a CPLR article 78 proceeding to compel certification of the payroll by the Town Board. Supreme Court dismissed the petition, concluding that although petitioner had been assigned to act temporarily as the Highway Superintendent, he remained employed in his civil service position from which he could not be dismissed without cause. Accordingly, petitioner was reinstated to the position of highway foreman.

In June 1989, as the result of an inventory and field inspection of the Town Highway Department's equipment, respondent contacted petitioner regarding two pieces of equip-

ment which were determined to be missing without documentation. Petitioner explained that the equipment had been loaned by him during his tenure as acting Highway Superintendent to a private contractor who had done some uncompensated work for the Town. Respondent subsequently preferred charges against petitioner, alleging that he was guilty of (1) improperly loaning Town equipment to private parties, (2) making false statements/insubordination, and (3) incompetence. Following a hearing, the Hearing Officer found petitioner guilty of the first charge, but not guilty of the other two charges. No recommendation was made as to penalty. Respondent reviewed the Hearing Officer's findings of fact and conclusions of law and adopted them with respect to charges one and three, but rejected them as to the finding of not guilty on the second charge of insubordination. Based upon his determination of petitioner's guilt on the first and second charges, respondent imposed a penalty demoting petitioner from highway foreman to motor equipment operator.

Thereafter, petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination on the ground that, *inter alia,* respondent's personal involvement with the charges rendered him disqualified from making a final determination as to petitioner's guilt. Supreme Court granted the petition and annulled respondent's determination in its entirety. This appeal by respondent ensued.

Respondent's primary contention on this appeal is that Supreme Court incorrectly concluded that respondent should have disqualified himself from making a final determination regarding the charges against petitioner. This argument is unavailing. It is undisputed that it was respondent who conducted the inventory inspection, preferred the charges against petitioner, designated the Hearing Officer, presented the evidence in support of the charges and testified against petitioner at the hearing. This personal involvement by respondent, together with his prior conduct in attempting to appoint his son to replace petitioner as highway foreman, required that, as a matter of propriety, he disqualify himself from reviewing the findings of the Hearing Officer and acting on any of the charges *(see, Matter of Wayering v County of St. Lawrence,* 140 AD2d 838, 840; *Matter of Hicks v Fortier,* 117 AD2d 930; *Matter of Edgar v Dowling,* 96 AD2d 510, 511; *Matter of O'Reilly v Pisani,* 79 AD2d 973). Despite respondent's assertion to the contrary, we do not read the case of *Sharkey v Thurston* (268 NY 123) as warranting a different conclusion.

Having determined that disqualification is appropriate here,

we agree with respondent that Supreme Court erred in simply annulling the final determination and essentially dismissing the charges rather than remitting the matter for de novo review on the present record by a duly qualified individual not heretofore involved in the proceedings or charges against petitioner *(see, Matter of Wayering v County of St. Lawrence, supra; Matter of Edgar v Dowling, supra; Matter of O'Reilly v Pisani, supra)*. We are unpersuaded by petitioner's contention that Supreme Court's remedy was proper because respondent was without jurisdiction to prefer the charges against him under Civil Service Law § 75. According to petitioner, the exclusive means of disciplining him for any misconduct occurring during his tenure as acting Highway Superintendent was removal from that office pursuant to Public Officers Law § 36. However, the acts constituting the charges of misconduct were not related exclusively to the duties of a Highway Superintendent. Furthermore, when appointed to act temporarily as Highway Superintendent, petitioner was not required to resign from his position as highway foreman. Thus, although the alleged misconduct which formed the basis for the charges against petitioner occurred while he was acting Highway Superintendent, it is our view that, during that time, he nevertheless remained a civil servant subject to disciplinary action under Civil Service Law § 75.

Weiss, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, with costs to petitioner, by remitting the matter to respondent Town of Chester for further proceedings not inconsistent with this court's decision, and, as so modified, affirmed.