■ In the Matter of JOHN MARTIN, Petitioner, v JOHN PLATT, as Superintendent of Highways of the Town of Mamakating, Respondent. [594 NYS2d 398] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent which, *inter alia,* terminated petitioner's employment with the Town of Mamakating Highway Department.

Petitioner was employed as a medium equipment operator by the Town of Mamakating Highway Department in Sullivan County for approximately 18 years. On or about April 24, 1990, respondent preferred six charges against petitioner alleging that petitioner had (1) been absent from work without authorization, (2) committed an act of insubordination, (3) threatened to cause physical harm to his supervisor, the Deputy Superintendent of Highways, (4) made himself unavailable for work, (5) reported to work late on a frequent basis, and (6) behaved in a disruptive manner in the workplace. Thereafter, on or about June 1, 1990, respondent filed an additional charge alleging that petitioner had threatened him with physical harm after he had served petitioner with the initial statement of charges on April 24, 1990.

Following a hearing on all charges, the Hearing Officer

found petitioner guilty of the first and fourth charges and the additional charge issued on June 1, 1990. As to penalty, the Hearing Officer recommended that petitioner receive a four-month suspension and a $200 fine. Respondent accepted the Hearing Officer's findings of fact and conclusions of law with respect to all charges except the finding of not guilty on the second charge of insubordination. Respondent therefore determined petitioner to be guilty of the first, second and fourth charges, in addition to the charge issued on June 1, 1990, and terminated petitioner's employment. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul respondent's determination. Supreme Court, *inter alia,* transferred the proceeding to this Court pursuant to CPLR 7804 (g).*

Petitioner contends that due to respondent's personal involvement in this matter, respondent should have been disqualified from rendering a final determination as to the alleged misconduct. Civil Service Law § 75 (2) permits the body or officer having the power to remove the person against whom the charges have been brought to designate a deputy or other person to conduct the actual hearing. The deputy or individual so designated, however, may only issue a recommendation which, in turn, must be referred back to such body or officer for review and a final determination. Although this provision imposes a statutory bar to the delegation of the final misconduct determination *(see generally, Matter of Sassone v New York State Thruway Auth.,* 171 AD2d 308, 310), courts have consistently recognized an exception where, as here, the body or officer having the power to remove prefers the charges and takes an active role in the disciplinary proceeding, thereby prejudicing the petitioner's right to a fair determination; in such circumstances, the matter is remitted for a de novo determination by a duly qualified individual authorized to act during the absence or inability of the respondent and

---

* Prior to doing so, Supreme Court reviewed and rejected petitioner's claim that he was denied due process because respondent's personal involvement in this matter disqualified him from reviewing the Hearing Officer's decision. CPLR 7804 (g) provides that where, as here, a substantial evidence issue is raised, Supreme Court "shall first dispose of such other objections as could terminate the proceeding, including but not limited to lack of jurisdiction, statute of limitations and res judicata, without reaching the substantial evidence issue". In our view, petitioner's due process claim does not qualify as an "objection" as that term is used in CPLR 7804 (f) and (g) and, therefore, Supreme Court need not have addressed that issue. Nevertheless, the matter having been transferred to this Court, we "shall dispose of all issues in the proceeding" (CPLR 7804 [g]).

not previously involved in the proceeding or charges against the petitioner *(see, e.g., Matter of Memmelaar v Straub,* 181 AD2d 980; *Matter of Wayering v County of St. Lawrence,* 140 AD2d 838; *Matter of Cafaro v Pedersen,* 123 AD2d 860; *Matter of Hicks v Fortier,* 117 AD2d 930; *Matter of Edgar v Dowling,* 96 AD2d 510; *Matter of Sander v Owens,* 82 AD2d 968). Here, however, it appears that the only individual authorized to act in the event of respondent's absence or inability would be the Deputy Superintendent of Highways *(see,* Town Law § 32 [2]), who also testified against petitioner at the hearing and was either present at or involved in many of the incidents giving rise to the misconduct charges. We therefore conclude that the "rule of necessity" required respondent to render a final determination in this matter *(see, Matter of Morgenthau v Cooke,* 56 NY2d 24, 29, n 3; *General Motors Corp., Delco Prods. Div. v Rosa,* 187 AD2d 960).

Finally, we are of the view that respondent's determination is supported by substantial evidence in the record *(see generally, Matter of Bevacqua v Sobol,* 176 AD2d 1, 3; *Matter of Di Rienz v Constantine,* 151 AD2d 953, 954). We have examined the remaining arguments advanced by the parties and find them to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.