■ In the Matter of THOMAS J. DiMATTINA, Appellant, v ROBERT LaBUA et al., Respondents. [692 NYS2d 410] —Proceed-

ing pursuant to CPLR article 78 to review a determination of the respondent Deputy Director of the Department of General Services for the Town of Huntington dated January 13, 1997, which, after a hearing, found the petitioner guilty of four charges of misconduct and imposed the penalty of dismissal.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The record contains substantial evidence supporting the determination of the Deputy Director of the Department of General Services for the Town of Huntington that the petitioner wrongfully obtained and withheld Town-owned lumber, wrongfully obtained and withheld Town-owned tools and equipment, abused his authority, and improperly influenced subordinate Town employees with respect to political activities (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Conte v Koehler,* 176 AD2d 507, 508).

Furthermore, it is well settled that when an officer institutes charges of misconduct and testifies at an ensuing hearing, that officer, in the interest of fairness, must disqualify herself from reviewing the Hearing Officer's recommendations and rendering a final determination (*see, Matter of Martin v Platt,* 191 AD2d 758; *Matter of Hicks v Fortier,* 117 AD2d 930). Here, the Director of the Department of General Services for the Town of Huntington preferred the charges against the petitioner and testified at the subsequent disciplinary hearing. Thus, he properly disqualified himself from reviewing the recommendations of the Hearing Officer and acting on any of the charges. In addition, since the Deputy Director is authorized to act generally in the Director's absence pursuant to local law (*see,* Code of Town of Huntington § 32-1 [B]), the Deputy Director was properly designated to render a final determination.

The petitioner's remaining contentions are without merit. Ritter, J. P., Joy, Goldstein and Schmidt, JJ., concur.