■ In the Matter of HUNTINGTON YACHT CLUB, Respondent, v INCORPORATED VILLAGE OF HUNTINGTON BAY et al., Appellants, and TOWN OF HUNTINGTON, Respondent. [708 NYS2d 120] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Huntington Bay, dated October 22, 1998, which, after a hearing, issued a positive declaration of environmental significance with regard to the petitioner's application for a proposed dock expansion, the Incorporated Village of Huntington Bay and the Zoning Board of Appeals of the Incorporated Village of Huntington Bay appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered April

28, 1999, which, *inter alia*, granted the petition and annulled the determination.

Ordered that the judgment is affirmed, with costs.

The appellants lacked jurisdiction over the petitioner's proposed dock expansion and, accordingly, the positive declaration issued by the appellants is null and void (*see,* Navigation Law § 2 [4]; *Lowndes v Board of Trustees,* 153 US 1; *Incorporated Vil. of Manorhaven v Ventura Yacht Servs.,* 166 AD2d 685, 686). The appellants' reliance upon *Matter of Essex County v Zagata* (91 NY2d 447), in support of their contention that a determination of the issue of jurisdiction is premature, is misplaced. In *Matter of Essex County v Zagata* (*supra*), the issue was which of two regulating agencies, both having jurisdiction, was the proper lead agency to determine entitlement to a solid waste permit. Here, the appellants never had any jurisdiction or authority over the tidewaters and underwater lands over which the petitioner sought to create additional boat slips (*see,* Municipal Home Rule Law § 10; Statute of Local Governments § 11 [5], [6]; *Incorporated Vil. of Manorhaven v Ventura Yacht Servs., supra*). Ritter, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.