■ In the Matter of BRIARCLIFF MANOR UNION FREE SCHOOL DISTRICT et al., Appellants, v WESTCHESTER COUNTY HUMAN RIGHTS COMMISSION et al., Respondents. [799 NYS2d 550]—

In a proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the Westchester County Human Rights Commission from prosecuting a complaint of racial discrimination filed by Leon Dickerson and Margie Dickerson against the petitioners on the ground of lack of subject matter jurisdiction, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Bellantoni, J.), entered February 6, 2004, which granted the motion of the Westchester County Human Rights Commission raising objections in point of law, inter alia, to dismiss the petition as premature, and, in effect, denied the petition as premature and dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, and the petition is reinstated; and it is further,

Ordered that the time of the Westchester County Human Rights Commission to interpose its answer is extended to five days after service upon it of a copy of this decision and order.

The Supreme Court erred by, in effect, denying the petition as premature on the authority of *Matter of Essex County v Zagata* (91 NY2d 447, 455 [1998]). The petitioners are not complaining of mere error of law representing an excess of jurisdiction by the Westchester County Human Rights Commission (hereinafter HRC) that can await review in a certiorari proceeding if the ultimate determination on the merits is adverse to them. Rather, they are allegedly aggrieved by the fact that the HRC is entertaining the complaint of Leon Dickerson and Margie Dickerson (hereinafter the parents) at all (*see Matter of Eberhardt v City of Yonkers,* 305 AD2d 501, 502 [2003]; *Matter of Huntington Yacht Club v Incorporated Vil. of Huntington Bay,* 272 AD2d 327, 328).

The Supreme Court did not specifically determine whether the petition stated a claim for the relief in prohibition that the petitioners seek. However, the complaint the parents made to the HRC is based on the same transaction or occurrence or

series of transactions or occurrences that they alleged before the Commissioner of Education (*see* Westchester County Code [Human Rights Law] § 700.14 [a] [4]).

Accordingly, the Supreme Court should have denied the HRC's motion to dismiss the petition and afforded the HRC an opportunity to serve and file an answer (*see* CPLR 7804 [f]). Santucci, J.P., Luciano, Crane and Skelos, JJ., concur.