■ In the Matter of JEAN McCOMB, Appellant, v ANNE REASONER et al., Respondents. [815 NYS2d 665]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Budget Director of the City of White Plains dated August 2, 2004, which adopted the recommendation of a hearing officer dated July 23, 2004, made after a hearing, finding that the petitioner was guilty of two charges of "insubordination and/or misconduct," and one charge of "neglect of duty and/or incompetence," and terminating her employment, the petitioner appeals from an order of the Supreme Court, Westchester County (Dickerson, J.), entered January 21, 2005, which granted the motion of the respondents Anne Reasoner, Joseph M. Delfino, and City of White Plains, N.Y., pursuant to CPLR 3211 to dismiss the petition for failure to state a cause of action.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal and leave to appeal is granted; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were pursuant to CPLR 3211 to dismiss the second, third, fourth, sixth, eighth, tenth, eleventh, and twelfth causes of action and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, the second, third, fourth, sixth, eighth, tenth, eleventh, and twelfth causes of action are reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further

proceedings after the respondents have been permitted to serve and file an answer; and it is further,

Ordered that the respondents' time to serve and file an answer to the petition is extended until 20 days after service upon them of a copy of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the petitioner payable by the respondents Anne Reasoner, Joseph M. Delfino, and City of White Plains, N.Y.

The petitioner was appointed Deputy Budget Director for the City of White Plains by Eileen Earl, the City's Budget Director. Based, inter alia, on allegations of misconduct made by both Earl and Chief Deputy Budget Director Anne Reasoner, Mayor Joseph Delfino preferred charges against the petitioner, and, in writing, designated David M. Stein to conduct a disciplinary hearing, make findings of fact, and make a recommendation as to any discipline. During the hearing, both Earl and Reasoner testified that the petitioner had made threats of physical violence against each of them. After Stein conducted the hearing for six days, the petitioner objected that Stein was without authority to preside over the hearing because neither Earl nor Reasoner had delegated authority to him act as a hearing officer, and no one else had that authority. Stein overruled the objection and completed the hearing, finding the petitioner guilty of two charges of "insubordination and/or misconduct," and one charge of "neglect of duty and/or incompetence," and recommending her termination. Thereafter, Mayor Delfino, rather than rendering a final determination himself, designated Martin F. Scheinman to review the hearing testimony and Stein's findings and recommendations, and to render the final determination. Scheinman adopted Stein's findings and recommendations, and directed the termination of the petitioner's employment. By letter dated August 2, 2004, Reasoner, who at that time had become the Budget Director, notified the petitioner that she was terminated in accordance with Scheinman's determination.

The petitioner commenced the instant article 78 proceeding against the City, Delfino, Reasoner, and Scheinman (hereinafter the respondents), contending that it was improper for Mayor Delfino to prefer the charges against her, to designate Stein as the hearing officer to conduct the hearing on the charges, and to designate Scheinman as the ultimate decision-maker, and thus that the hearing was held, and the final determination rendered, without jurisdiction. The Supreme Court granted the motion of the City, Delfino, and Reasoner pursuant to CPLR 3211 to dismiss the petition based on an objection in point of

law, specifically that the petition failed to state a cause of action. Because of the procedural posture in which this proceeding reaches us, the facts upon which we base our determination are derived from the allegations made in the petition, which we assume for purposes of this determination to be true (*see Matter of Kornfeld v County of Nassau,* 27 AD3d 743 [2006]). Because certain allegations in the petition stated causes of action, we modify and reinstate the petition in part.

Civil Service Law § 75, which governs the procedure applicable to the disciplinary proceeding at issue here, does not specify by whom charges are to be preferred and requires only that the person faced with disciplinary action be provided with written notice of the charges and be given an opportunity to answer (*see* Civil Service Law § 75 [2]). The statute does not require the charges to be preferred by the petitioner's appointing authority, as asserted by the petition, and, to that extent, the petition was without merit. Accordingly, the first, seventh, and ninth causes of action were properly dismissed.

The statute does provide, however, that "[t]he hearing upon such charges shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose" (Civil Service Law § 75 [2]). On the record here, Mayor Delfino was neither. In the absence of a specific designation of the power to remove, such power is a function of the power to appoint (*see Matter of Correia v Incorporated Vil. of Northport,* 12 AD3d 599, 600 [2004]; *Bishopp v Village of Spring Val.,* 213 AD2d 441 [1995]; *Matter of Waters v City of Glen Cove,* 181 AD2d 783 [1992]). Pursuant to the provisions of the White Plains City Code, that authority rested with the budget Director or the Chief Deputy Budget Director (*see* White Plains City Code, art II, § 8). On the face of the petition, we cannot conclude that Earl and Reasoner, who held those positions, were unavailable to designate the hearing officer, and there was, therefore, no occasion for Mayor Delfino, despite the fact that he is the city official "charged with the general oversight of all departments, boards and commissions of the City" (White Plains City Code, art IV, § 47), to act in their stead in designating Stein as the person to conduct the hearing. Moreover, since a claim that the delegation to the hearing officer is invalid may not be waived (*see Matter of Stein v County of Rockland,* 259 AD2d 552, 553-554 [1999]; *Matter of Perez v New York State Dept. of Labor,* 244 AD2d 844 [1997]; *Matter of Blount v Forbes,* 250 App Div 15, 18 [1937]), the causes of action asserting that the hearing officer's authority was delegated by the

inappropriate municipal official were not defeated by the petitioner's failure to raise this argument until after the proceeding had commenced.

The petition also stated a cause of action insofar as it alleged that Mayor Delfino's delegation of final decision-making authority to Scheinman, an individual with no relationship to the City, was inappropriate. The statute requires that the determination with respect to the employee's status be made by the officer who has authority to remove the employee (see Civil Service Law § 75 [2]; *Matter of Martin v Platt,* 191 AD2d 758, 759 [1993]; *Matter of Sassone v New York State Thruway Auth.,* 171 AD2d 308, 310 [1991]). Although under most circumstances that authority may not be delegated (see *Matter of Simpson v Wolansky,* 38 NY2d 391, 394 [1975]), courts have recognized that the statutory command must yield to an employee's right to a fair and impartial hearing when such an official is personally involved in the proceedings by preferring the charges at issue and testifying at the hearing, or otherwise involving himself or herself extensively in the proceedings. In such circumstances, such an official acts improperly when he or she also renders the final determination (see *Matter of Correia v Incorporated Vil. of Northport, supra* at 600; *Matter of Pryor v O'Donnell,* 262 AD2d 648 [1999]; *Matter of DiMattina v LaBua,* 262 AD2d 409, 410 [1999]; *Matter of Stein v County of Rockland, supra* at 553-554; *Matter of Brundage v Yonkers Parking Auth.,* 220 AD2d 411 [1995]; *Matter of Lowy v Carter,* 210 AD2d 408, 409 [1994]; *Matter of Wayering v County of St. Lawrence,* 140 AD2d 838, 840 [1988]; *Matter of Cafaro v Pedersen,* 123 AD2d 860 [1986]; *Matter of Edgar v Dowling,* 96 AD2d 510, 511 [1983]; *Matter of Devany v Rice,* 84 AD2d 565 [1981]; *Sinicropi v Milone,* 80 AD2d 609 [1981]; *Matter of O'Reilly v Pisani,* 79 AD2d 973, 974 [1981]).

The necessity that decision-making authority be delegated in certain circumstances, however, does not allow for unlimited discretion in determining the identity of the delegee. Inherent in the statutory command that the decision be made by the official with authority to remove (see Civil Service Law § 75 [2]) is the requirement that there be some connection between the person by whom the employment decision is made and the governmental employment at issue. Thus, we have held delegations to be proper when made to a municipality's personnel officer or to some other individual authorized to act in the absence of the official with actual authority to remove (see *Matter of Chisolm v Copeland,* 29 AD3d 575 [2006]; *Matter of DiMattina v LaBua, supra; Matter of Reed v Town of*

*Huntington,* 186 AD2d 745 [1992]). Essentially, the delegation must be to "a duly qualified individual authorized to act during the absence or inability of the [disqualified decision-maker] and not previously involved in the proceeding or charges" (*Matter of Martin v Platt, supra* at 759-760). Only when there is no such official and one cannot be appointed, and thus no such delegation is possible, does the rule of necessity apply, permitting an otherwise partial official to make the final determination (*see Matter of Correia v Incorporated Vil. of Northport, supra; Matter of Wayering v County of St. Lawrence,* 154 AD2d 824 [1989]; *see generally Matter of General Motors Corp.—Delco Prods. Div. v Rosa,* 82 NY2d 183 [1993]).

Here, Earl and Reasoner, who had actual authority with respect to the petitioner's employment, were unavailable in light of their testimony at the hearing. Contrary to the petitioner's contentions, however, Mayor Delfino was not necessarily similarly situated, inasmuch as he was not a witness to the acts alleged in the proceeding, and there is nothing in the petition or the record from which it can be concluded that Mayor Delfino had any other involvement in the proceedings. Thus, despite the fact that he was the officer who preferred the charges, it appears on this record that he suffered from no disability requiring his recusal (*see Matter of Gioe v Board of Educ. of E. Williston School Dist.,* 126 AD2d 723, 723-724 [1987]; *see also Matter of Joseph v Stolzenberg,* 198 AD2d 506 [1993]; *cf. Matter of Brundage v Yonkers Parking Auth., supra*) and, therefore, could have made the final decision with respect to the petitioner's employment. As such, the Supreme Court correctly dismissed the fifth cause of action, which alleged that the Mayor was partial and biased, and that had he been the petitioner's appointing authority, he would have had a nondelegable duty to make the final determination in any event.

Even if a delegation of final decision-making authority had been required here, however, the delegation to Scheinman appears to be improper since, at least on this record, Scheinman was not "a duly qualified individual authorized to act during the absence or inability of the [disqualified decision-maker] and not previously involved in the proceeding or charges" (*Matter of Martin v Platt, supra* at 759-760). The petition therefore stated a cause of action in this regard and the matter must be remitted to the Supreme Court to allow the respondents to answer the petition (*see Matter of Briarcliff Manor Union Free School Dist. v Westchester County Human Rights Commn.,* 20 AD3d 564, 565 [2005]).

The petitioner's remaining contentions are without merit.

Florio, J.P., Miller, Spolzino and Dillon, JJ., concur. [*See* 6 Misc 3d 1012(A), 2005 NY Slip Op 50033(U) (2005).]