OPINION OF THE COURT
Thomas F. Whelan, J.
Ordered that this motion (No. 001) by the plaintiffs/petitioners *681 for a preliminary injunction and for relief pursuant to CPLR article 78 is denied and the complaint/petition is dismissed.
The plaintiffs/petitioners (hereinafter plaintiffs) commenced this hybrid article 78 proceeding and declaratory judgment action on June 2, 2009. By their hybrid pleading, the plaintiffs challenge the authority, jurisdiction and legality of the respondents’ prosecution of an ongoing, administrative enforcement proceeding commenced against the plaintiffs pursuant to Environmental Conservation Law § 71-2501 et seq. Therein, the defendants/respondents (hereinafter respondents) charge the plaintiffs with violations of title 25 of article 71 of the Environmental Conservation Law, also know as the Tidal Wetlands Act, in connection with their ownership of a business venture that owned, developed and/or conveyed three residential lots situated on Dune Road in the Village of West Hampton Dunes. The relevant facts underlying this action and the administrative enforcement proceeding at issue herein are alleged by the plaintiffs to be as set forth below.
In September of 2000, the plaintiffs purchased a lot in the Village of West Hampton Dunes under the partnership name of “Ken-Rich, New York Partnership.” Desirous of subdividing and developing the property into three improved residential premises, the “Ken-Rich” partnership was granted a permit by the respondents under ECL article 71, title 25 in February of 2003. Prior to the issuance of that permit, and on December 27, 2002, the “Ken-Rich” partnership conveyed one of the lots, now known as 818 Dune Road, to a development company known as the Meadow Crest Corporation. On June 11, 2003, the Meadow Crest Corporation conveyed the lot at 818 Dune Road to Paul Endres, a nonparty to this action.
On August 6, 2004, the “Ken-Rich” partnership conveyed the second lot, known as 820 Dune Road, to the Meadow Crest Corporation. Three days thereafter, Meadow Crest conveyed 820 Dune Road to Sheldon and Yeva Rintel, who are nonparties to this action.
The third lot at issue, which is now known as 822 Dune Road, was conveyed by the “Ken-Rich” partnership to Robert Durkin, a nonparty to this action. On May 6, 2005, the respondents cited the “Ken-Rich” partnership for violations of the Tidal Wetlands Act and the permit issued to it by the respondents in February of 2003. Kenneth Gaul, as a principal of the “Ken-Rich Corp.,” was further cited in September of 2006 for violations of the Tidal Wetlands Act and of the permit issued to it by *682 the respondents in February of 2003 due to the development of lots numbered 818 and 820 Dune Road. Also cited for violations were the Meadow Crest Corporation and some of those to whom the three properties were sold after development. The Meadow Crest Corporation entered into a settlement with the respondents that culminated in the execution of a consent order on June 9, 2008. This order resolved the violations existent at the subject premises, with which Meadow Crest was previously charged in the separate notices of violations issued by the respondents in the fall of 2006.
In June of 2008, the respondents’ counsel apparently offered to settle the charges asserted against the plaintiffs with respect to the alleged violations at 818 and 820 Dune Road in a manner similar to that offered to and accepted by the Meadow Crest Corporation. Having received no executed consent order from the plaintiffs, the respondent commenced, on August 29, 2008, the administrative enforcement proceeding at issue in this action. By the complaint served and filed in those proceedings commenced pursuant to Environmental Conservation Law § 71-2501 et seq. and 6 NYCRR parts 661 and 622, the respondents seek the imposition of $120,000 in penalties and sanctions against the plaintiffs.
The plaintiffs served their answer to the respondents’ administrative complaint on September 12, 2008. On October 27, 2008, the plaintiffs moved for dismissal of the administrative complaint and to compel discovery from the respondents. In that motion, the plaintiffs pressed the very same claims that are set forth in the complaint/petition served in this action, including that the respondents are without authority or jurisdiction to prosecute the charged violations against the plaintiffs under CPLR 214 (2) and under section 301 (1) of the State Administrative Procedure Act and otherwise. In a lengthy decision dated January 12, 2009, the administrative law judge (ALJ Goldberger) rejected the plaintiffs’ claims for dismissal and dismissed certain of their affirmative defenses to the administrative complaint including those predicated on CPLR 214 (2) and under section 301 (1) of the State Administrative Procedure Act.
On January 27, 2009, the plaintiffs applied to the Commissioner of the respondent Department of Environmental Conservation (DEC) for an expedited appeal of ALJ Goldberger’s January 12, 2009 decision denying the plaintiffs’ motion to dismiss. On March 12, 2009, the Commissioner, by Assistant Com *683 missioner Alexander, denied the plaintiffs’ application for an expedited appeal. In response thereto, the plaintiffs commenced this action and seek a reversal of said denial; a reversal of the January 12, 2009 decision of ALJ Goldberger; a declaration that the respondents are without authority and jurisdiction to continue the administrative enforcement proceedings by virtue of CPLR 214 (2) and section 301 (1) of the State Administrative Procedure Act and injunctions restraining and enjoining the respondents from conducting any further proceedings in the administrative enforcement proceeding pending this court’s determination of the plaintiffs’ claims and thereafter. For the reasons set forth below, the court denies the plaintiffs’ motion (No. 001) for preliminary injunctive relief and dismisses their pleaded claims for relief under CPLR 3001 and articles 63, 78 and 86.
It is well established that to prevail on a motion for preliminary injunctive relief, the movant must clearly demonstrate a likelihood of success on the merits, the prospect of irreparable harm or injury if the relief is withheld and that a balance of the equities favors the movant’s position (see Pearlgreen Corp. v Yau Chi Chu, 8 AD3d 460 [2d Dept 2004]). The decision to grant a preliminary injunction is committed to the sound discretion of the court (see Bergen-Fine v Oil Heat Inst., 280 AD2d 504 [2d Dept 2001]), as the remedy is considered to be a drastic one (see Doe v Axelrod, 73 NY2d 748 [1988]). Consequently, a clear legal right to relief, which is plain from undisputed facts, must be established (see Gagnon Bus Co., Inc. v Vallo Transp., Ltd., 13 AD3d 334 [2d Dept 2004]; Blueberries Gourmet v Aris Realty, 255 AD2d 348 [2d Dept 1998]). The burden of showing an undisputed right to the injunction rests within the movant (see Doe v Poe, 189 AD2d 132 [2d Dept 1993]).
It is also well established that a motion for preliminary injunction opens the record and gives the court authority to pass upon the sufficiency of the underlying claims (see Guggenheimer v Ginzburg, 43 NY2d 268 [1977]; Ratner v Steinberg, 259 AD2d 744 [2d Dept 1999]). However, the court’s inquiry is limited to determining whether one or more of the plaintiffs had a cognizable cause of action as the court’s power does not extend to an evaluation of conflicting evidence (see 68 Burns New Holding, Inc. v Burns St. Owners Corp., 18 AD3d 857 [2d Dept 2005]).
A review of the record adduced on the instant application reveals that the plaintiffs have no cognizable claims for relief under CPLR 3001 or articles 63, 78 or 86. The plaintiffs’ motion *684 for preliminary injunctive relief is thus denied and their hybrid pleading is dismissed.
By their fifth cause of action set forth in their complaint/petition, the plaintiffs demand a judgment pursuant to CPLR 7803 (3) reversing and annulling the March 12, 2009 determination of the DEC Commissioner’s office to deny the plaintiffs’ application for an expedited appeal of the January 12, 2009 decision of ALJ Goldberger. The plaintiffs claim that this ruling and the underlying ruling of ALJ Goldberger were affected by errors of law and were otherwise erroneous, arbitrary and capricious. The respondents have objected to the granting of this relief in their answer by asserting that this claim is not cognizable due to a lack of finality. The court agrees and thus sustains this objection in point of law.
Judicial review of determinations of an agency, body or officer under CPLR article 78 which are not final is statutorily precluded (CPLR 7801). Measuring finality for the purposes of judicial review has been left to the courts.
An agency’s action is considered final for purposes of review when a pragmatic evaluation reveals a definite position on the issue that inflicts an actual, concrete injury or harm that may not be prevented or significantly ameliorated by further administrative review or by steps available to the complaining party (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom, of City of N.Y., 5 NY3d 30 [2005]; Stop-The-Barge v Cahill, 1 NY3d 218 [2003]; Matter of Essex County v Zagata, 91 NY2d 447 [1998]; Matter of Demers v New York State Dept. of Envtl. Conservation, 3 AD3d 744 [3d Dept 2004]). If further administrative proceedings might render the disputed issue moot or academic, then the challenged action cannot be considered definitive or the injury actual or concrete (see Stop-The-Barge v Cahill, 1 NY3d 218 [2003], supra).
The grant or denial of an expedited appeal from a ruling of an administrative law judge presiding over an administrative enforcement proceeding initiated under the ECL and its regulatory framework is vested in the Commissioner of the respondent DEC under the regulations set forth at 6 NYCRR 622.10 (d) and is a matter committed to his or her discretion (see 6 NYCRR 622.10 [d] [3]). Failure to file an appeal by a respondent to an administrative enforcement proceeding does not preclude said respondent from challenging a ruling of an ALJ by an appeal to the Commissioner after the administrative hearings and proceedings are concluded (see 6 NYCRR 622.10 [d] [6]). If an *685 expedited appeal is granted, the hearing contemplated by these regulations would not be adjourned or stayed pending determination of such appeal unless expressly directed otherwise (see 6 NYCRR 622.10 [d] [7]).
It is apparent that under this regulatory framework, the Commissioner’s decision to deny the plaintiffs’ request for an expedited appeal of the January 12, 2009 decision of ALJ Goldberger was a nonfinal, discretionary determination, with respect to which further administrative proceedings are available to the plaintiffs. Since these further administrative proceedings may render the plaintiffs’ challenges moot or academic, the decision to deny the expedited appeal is not subject to review under CPLR 7803 (3). The plaintiffs’ claims for a reversal of the Commissioner’s March 12, 2009 denial of the plaintiffs’ application for an expedited appeal and the other relief demanded in conjunction therewith are thus not cognizable due to a lack of finality and all of the plaintiffs’ demands for reversal of said determinations pursuant to CPLR 7803 (3) are dismissed.
Also dismissed are the plaintiffs’ demands for relief in the nature of prohibition. By their fourth cause of action, the plaintiffs seek a judgment halting and dismissing the underlying administrative proceedings and a tangential reversal of the January 12, 2009 decision of ALJ Goldberger. Transmuted into claims which are characterized as sounding in prohibition under CPLR 7803 (2), the plaintiffs advance the very same claims they advanced on their motion before ALJ Goldberger to dismiss the administrative complaint, namely, that the time-bar constraints set forth in CPLR 214 (2) and section 301 (1) of the State Administrative Procedure Act have dislodged the respondents of any jurisdiction or authority to prosecute the plaintiffs for the violations charged. The respondents object to these demands for relief as legally insufficient and barred by the finality requirements set forth in CPLR 7801. The court agrees and thus sustains the respondents’ objections to these claims.
Easily understood, but wholly unavailing, is the plaintiffs’ resort to the remedy of prohibition in an effort to have this court adjudicate their claims that the underlying administrative proceeding is void due to the respondents’ lack of authority and/or jurisdiction. For the finality requirement imposed by CPLR 7801 is generally considered satisfied in cases wherein the petitioner demonstrates a clear entitlement to relief in the nature of prohibition (see Matter of Civil Serv. Empls. Assn. v Helsby, 31 AD2d 325 [3d Dept 1969], affd, 24 NY2d 993 [1969]).
*686 Cases wherein a total lack of jurisdiction on the part of the administrative agency is at issue usually present only questions of law which may be resolved as a matter of law and/or remedied by a judgment in the nature of prohibition. In such cases, the courts have found that the finality rule is wholly satisfied (see Matter of Gordon v Rush, 100 NY2d 236 [2003]; Matter of Huntington Yacht Club v Incorporated Vil. of Huntington Bay, 272 AD2d 327 [2d Dept 2000]; see also Matter of Civil Serv. Empls. Assn. v Helsby, 31 AD2d 325 [1969], supra). In contrast, proceedings challenging jurisdictional excesses on the part of the agency where such agency is cloaked with some reasonable semblance of jurisdiction over the matter usually present questions of mixed law and fact which are not ripe or final for purposes of judicial review because such questions may be ameliorated and/or rendered academic by the course of the further administrative proceedings pending before the agency. Consequently, claims alleging an erroneous and/or excessive assertion of jurisdiction by an agency over a matter which said agency has some semblance of jurisdiction (see Matter of Essex County v Zagata, 91 NY2d 447 [1998], supra), as opposed to matters over which the respondent agency is wholly without jurisdiction (see Matter of Huntington Yacht Club v Incorporated Vil. of Huntington Bay, 272 AD2d 327 [2000], have been held to be nonfinal and thus not ripe for judicial review (see Matter of Wal-Mart Stores v Campbell, 238 AD2d 831 [3d Dept 1997]).
Here, the plaintiffs’ claims for relief in the nature of prohibition are not cognizable under CPLR article 78 for want of finality and legal sufficiency. There are no factual assertions from which one may conclude that the plaintiffs are charging the respondents with a total lack of jurisdiction over the underlying enforcement proceeding. Rather, the plaintiffs merely allege that the respondents are proceeding without or in excess of their jurisdiction because the respondents’ claims for the imposition of penalties and sanctions, which are the subject of the underlying enforcement proceeding, are allegedly time-barred. Since these claims merely allege an erroneous assertion of jurisdiction that is based on procedural or substantive errors rather than a total lack of jurisdiction so as to implicate the presumptive illegality of the administrative process, the complained-of proceedings and determinations are nonfinal and thus not subject to review in this proceeding (see Matter of Town of Huntington v New York State Div. of Human Rights, 82 NY2d 783 [1993]; Matter of Rush v Mordue, 68 NY2d 348 [1986]; Mat *687 ter of Wal-Mart Stores, Inc. v State of N.Y., Exec. Dept., Div. of Human Rights, 41 AD3d 1276 [4th Dept 2007]; Matter of Niagara Frontier Transp. Auth. v Nevins, 295 AD2d 887 [4th Dept 2002]; cf. Matter of Briarcliff Manor Union Free School Dist. v Westchester County Human Rights Commn., 20 AD3d 564 [2d Dept 2005]; Matter of Altieri v Holden, 231 AD2d 369 [2d Dept 1997]).
Moreover, it is clear that the prosecution of time-barred claims is permissible since the defense of time preclusion is a personal one which is waived unless asserted by a party properly possessed of such defense (see CPLR 3211 [e]; Orix Fin. Servs., Inc v Haynes, 56 AD3d 377 [1st Dept 2008]). The successful assertion of a time-bar defense results in the loss of an opportunity to prosecute claims considered stale under the terms of a statutory defense in bar. It does not result in an adjudication that the forum in which said claims were advanced was without authority and/or jurisdiction to hear or to otherwise act with respect to such claims (see Matter of Morgenthau v Erlbaum, 59 NY2d 143, 149 [1983] [“A court cannot be said to be acting without power merely because it issues an arguably erroneous ruling in a case that is otherwise properly before it”]).
It is not disputed that the remedy of prohibition may be available where the claim is substantial, implicates a fundamental constitutional right and where the harm caused by the arrogation of power cannot be adequately redressed through ordinary channels of appeal (see Matter of Rush v Mordue, 68 NY2d 348 [1986], supra; La Rocca v Lane, 37 NY2d 575 [1975]). This court finds, however, that the denial of the plaintiffs’ asserted time-bar defense by the respondent, DEC, during the course of the underlying quasi-judicial proceedings pending before it did not impair, defeat, or chill any fundamental rights of the plaintiffs. Accordingly, this court’s interjection into the respondents’ ongoing administrative process so as to halt same or otherwise affect it is neither warranted nor proper (see Matter of Rush v Mordue, 68 NY2d 348 [1986], supra; cf. Matter of Vinluan v Doyle, 60 AD3d 237 [2d Dept 2009]). The court thus declines the plaintiffs’ invitation to review and adjudicate their claims that the underlying administrative enforcement proceeding is void because the respondents lack authority and jurisdiction to prosecute claims which are allegedly time-barred and that all further proceedings should be judicially restrained and prohibited. The plaintiffs’ fourth cause of action is thus dismissed.
The first and second causes of action set forth in the complaint are characterized by the plaintiffs as claims for *688 declaratory relief. The court presumes that by such characterization, the plaintiffs intended them to be interposed and adjudicated under CPLR 3001. The record reflects, however, that the factual allegations set forth in support thereof are the same as those advanced in the plaintiffs’ fourth and fifth causes of action, namely, that the respondents may not continue to prosecute their claims for penalties and sanctions because said claims are time-barred under CPLR 214 and State Administrative Procedure Act § 301 (1). For the reasons set forth below, the court finds that the plaintiffs have no cognizable claims for relief pursuant to CPLR 3001.
The true nature of a declaratory judgment action has long been recognized as one in which a claimant seeks a determination of rights before any wrong occurs, rather than collateral review of a challenged ruling or determination (see Matter of Morgenthau v Erlbaum, 59 NY2d 143 [1983], supra). A successful claim for declaratory relief issued pursuant to CPLR 3001 does not result in coercive relief, but, instead, provides only a declaration of the rights of the parties to a real and justiciable controversy so that they may fashion future action in a manner consistent therewith and avoid more litigation (see New York Pub. Interest Research Group v Carey, 42 NY2d 527 [1977]). The granting of declaratory relief is a matter left to the court’s discretion, as it may decline to hear the matter if other adequate remedies are available and it must dismiss an action or claim for declaratory relief where another action is pending between the same parties in which all issues can be determined (see Matter of Morgenthau v Erlbaum, 59 NY2d 143 [1983], supra; Woollard v Schaffer Stores Co., 272 NY 304 [1936]).
The mere demand for a judicial declaration that agency action is being undertaken without jurisdiction and/or authority or is otherwise erroneous does not transform a claim for prohibition or other relief under CPLR article 78 into separate and actionable claims for declaratory relief. This is particularly so where the true objective of a plaintiff seeking declaratory relief is to arrest proceedings already undertaken but not concluded, in which the plaintiff claims to have been aggrieved by adverse procedural or substantive determinations or to have such determinations reversed and annulled as erroneous. Since, however, a declaratory judgment is without coercive effect, this objective would not be achieved by the issuance of the declaratory relief demanded. In contrast, such a declaration is clearly available under article 78 upon the determination of a claim for *689 prohibition or the other relief available thereunder (see CPLR 7806 [the court’s judgment “may direct or prohibit specified action by the respondent”]).
Here, the plaintiffs seek declaratory relief not to arrest a purported wrong which has yet to occur, but rather to have this court collaterally review ongoing agency action and interim determinations rendered therein which are perceived by the plaintiffs to be unlawful, arbitrary, capricious, affected by errors of law and undertaken without jurisdiction by the respondents. The apparent objective of their claims for declaratory relief is to halt the underlying administrative enforcement proceedings or to change the position, posture and/or the rulings of the respondents. Under these circumstances, the court declines to entertain the plaintiffs’ separate demands for declaratory relief and shall make no declarations with respect thereto. The plaintiffs’ first and second causes of action are thus dismissed.
Also dismissed is the plaintiffs’ third cause of action wherein they demand permanent injunctive relief, and their motion for a preliminary injunction restraining the hearing and any other impending proceedings within the context of the underlying administrative enforcement proceeding is denied. For the reasons outlined above, the plaintiffs failed to establish any entitlement to injunctive relief. Finally, the court dismisses the plaintiffs’ sixth cause of action for relief pursuant to CPLR article 86, as such cause of action was dependent upon the plaintiffs’ successful prosecution of their substantive claims for relief in this action.
In view of the foregoing, the court denies the plaintiffs’ motion (No. 001) for preliminary injunctive relief and their claims for relief under CPLR article 78 and it dismisses such claims and all others set forth in the plaintiffs’ complaint/petition.