■ In the Matter of JACQUELINE BYRNES, Appellant, v KEVIN P. MAHON et al., Respondents. [898 NYS2d 887]—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Social Services for the County of Westchester dated November 1, 2007, which, after a hearing, terminated the petitioner's employment, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered October 8, 2008, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

There is no merit to the petitioner's contention that the Commissioner of Social Services for the County of Westchester (hereinafter the Commissioner) should have been disqualified from rendering a final determination on the ground of prejudgment (*see Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 197 [1981], *cert denied* 454 US 1125 [1981]; *cf. Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.*, 75 NY2d 158, 162 [1990]; *Matter of Stein v County of Rockland*, 259 AD2d 552, 553-554 [1999]; *Matter of Brundage v Yonkers Parking Auth.*, 220 AD2d 411 [1995]; *Matter of Cafaro v Pedersen*, 123 AD2d 860, 861 [1986]; *Matter of Waters v McGinnis*, 29 AD2d 969 [1968]). The petitioner also failed to demonstrate that the Commissioner relied on matter dehors the hearing record in rendering his final determination (*cf. Matter of Simpson v Wolansky*, 38 NY2d 391, 396 [1975]; *Matter of Pryor v O'Donnell*, 262 AD2d 648 [1999]; *Matter of DiMattina v LaBua*, 262 AD2d 409, 410 [1999]; *Matter of Lowy v Carter*, 210 AD2d 408, 409 [1994]; *Matter of Wayering v County of St. Lawrence*, 140 AD2d 838, 839 [1988]; *Matter of Edgar v Dowling*, 96 AD2d 510, 511 [1983]; *Matter of Devany v Rice*, 84 AD2d 565 [1981]; *Sinicropi v Milone*, 80 AD2d 609 [1981]; *Matter of O'Reilly v Pisani*, 79 AD2d 973 [1981]).

The petitioner's contention that she was denied a fair hearing

due to the alleged bias of the hearing officer is also without merit. There is no evidence in the record to support the petitioner's contention that the hearing officer was biased (*see Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833 [1989]). Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur.