McCarthy, J.
(dissenting). I respectfully dissent. We should annul the determination of respondent Board of Supervisors of *1328 the County of Madison. “[W]here, as here, there is evidence indicating that the administrative decision maker may have prejudged the matter at issue, disqualification is required” (Matter of Botsford v Bertoni, 112 AD3d 1266, 1269 [2013]). Tina Wayland-Smith, an Assistant County Attorney, testified that she and others met with petitioner, prior to disciplinary charges being proffered, to offer her a separation from employment agreement. Referring to her talking points from that meeting, Wayland-Smith testified that the Board had “lost faith and confidence in [petitioner’s] ability to continue to manage the activities and staff of the Probation Department” based on evidence adduced from the investigation. The source of information for that statement was the Board itself and its Criminal Justice and Government Operations Committees. When asked if any member of any of those groups told her “that they did not lose faith and confidence in [petitioner’s] ability,” WaylandSmith testified, “Not that I recall.” Wayland-Smith also testified that the Board had taken a position on the separation agreement and “it was the feeling of, at least, the Government Operations Committee and the Board of Supervisors that [petitioner] could not continue in her . . . employment based on what the investigation had revealed.”
This testimony indicates that the entire Board not only believed that the information from the investigation was true, but also believed that termination was the proper penalty. These beliefs were formed and expressed to petitioner before any formal charges were ever brought. Due to this apparent prejudgment of the facts by the entire Board, the Board should have recused itself, and its failure to do so rendered its determination in petitioner’s disciplinary proceeding affected by an error of law (see Matter of 1616 Second Ave. Rest. v New York State Liq. Auth., 75 NY2d 158, 161-164 [1990]; Matter of Botsford v Bertoni, 112 AD3d at 1269). For that reason alone, we should not permit the determination to stand, but instead should “remit the matter for a de novo review of the present record and the Hearing Officer’s recommendations by a qualified and impartial individual” (Matter of Botsford v Bertoni, 112 AD3d at 1269; see Matter of Memmelaar v Straub, 181 AD2d 980, 982 [1992]).
Ordered that the judgment is affirmed, without costs.